Clinton E. LUCKES *v.* Genevieve N. LUCKES

77-170                                        561 S.W. 2d 300

Opinion delivered February 13, 1978
(Division I)

*Franklin Wilder,* for appellant.

*Robert S. Blatt,* for appellee.

GEORGE ROSE SMITH, Justice. This post-divorce proceeding concerns alimony that is due or is to become due.

The divorce decree, entered in 1969, directed the appellant husband to pay permanent alimony of $150 a month. Later the appellant moved to California and fell behind in his payments. The appellee then invoked the Uniform Reciprocal Enforcement of Support Act and obtained an order in California directing her former husband to pay $65 a month into the registry of the California court, which forwarded those payments to the clerk of the Sebastian chancery court, in Arkansas.

In June of 1976 the appellee filed a petition in Arkansas asking that her former husband be held in contempt of court and that the arrearages be reduced to judgment. Notice of the petition was served by certified mail, but the appellant did not respond or appear. On July 6 the court entered a decree for arrearages of $1428 and directed that execution and garnishment be issued.

On July 30 the appellee filed a motion for a nunc pro tunc order correcting the July 6 decree. It was asserted that by a clerical error the arrearage had been found to be $1,428 when in fact it was $5,782.91. No notice of that motion was served on the appellant. On August 3 the motion was presented to the chancellor, who found that a clerical error had in fact occurred and entered a nunc pro tunc order, as requested, fixing the arrearage at $5,782.91. Writs of garnishment were issued against the appellant's retirement pay, he being a retired army officer. The appellant then employed counsel in Arkansas and sought relief on three grounds, which we discuss separately.

First, it is argued that the nunc pro tunc order of August 3 should be set aside as having been entered without notice.

The trouble with that argument is that no prejudice is shown, because the order was correct. Nothing would be gained by setting aside the order and immediately re-entering it.

A true clerical error is shown. Such an error is essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else). *Williams, Standridge & Deaton v. State,* 229 Ark. 42, 313 S.W. 2d 242 (1958). What happened here was this: The court clerk keeps a record of alimony payments that are made through his office. When the clerk was asked for a statement of the appellant's arrearages, a mistake was made in adding the figures on an adding machine. That led to the incorrect figure of $1,428. No exercise of judicial discretion was involved; the chancellor simply accepted the figure as correct. The nunc pro tunc order then modified the decree to show the correct amount. At the hearing from which this appeal comes, counsel for the appellant examined the figures and stated with candor: "As far as I know, Your Honor, that is correct." Thus no prejudice appears.

Second, it is argued that the Arkansas court should have given full faith and credit to the California court's order directing the appellant to pay only $65 a month. The transcript of the California proceedings shows, however, that the court did not purport to modify the Arkansas support order. It simply investigated the resources of the rival litigants and concluded that $65 a month was all that the appellant should be required to pay through its office. That procedure correctly interprets the Uniform Act, which provides:

> No order of support issued by a court of this state when acting as a responding state [here California] shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both. [Ark. Stat. Ann. § 34-2430 (Repl. 1962).]

The California payments were therefore properly credited in reduction of the Arkansas obligation, no issue of full faith and credit being presented.

Third, it is argued that the original award of alimony should be reduced in the light of changed circumstances. The appellant, however, did not appear at the hearing below. Consequently the only proof offered in his behalf, documents relating to his health and income, was properly excluded as hearsay. The chancellor offered to postpone the alimony question to some later date, but the appellant's counsel declined the offer, preferring to bring all three points up for review in one appeal. The scant competent evidence that was introduced does not enable us to say that the chancellor was wrong in refusing to modify the original award of alimony.

Affirmed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.