Pamela Sue KINDIGER *v.* Donald R. HUFFMAN,
Trustee of the Ernest L. Huffman Revocable Trust

91-218                                    821 S.W.2d 33

Supreme Court of Arkansas
Opinion delivered December 23, 1991

*George, Morris & Spivey*, by: *David C. George*, for appellant.

*C.J. Hardcastle*, for appellee.

STEELE HAYS, Justice. Ernest L. Huffman died testate on November 6, 1987, survived by five children. His spouse and one child predeceased him. Another child, Betty Jane Mantooth, survived but died on June 20, 1988. The bulk of Ernest L. Huffman's estate was disposed of pursuant to a revocable trust to be distributed by the trustee upon the settlor's death, in equal shares to the settlor's children "or the lawful descendents of one who may be then deceased."

A controversy developed between the children of Betty Jane Mantooth and her surviving spouse, Cledith Mantooth and in October 1988, the trustee petitioned the Chancery Court of

Benton County for a declaratory judgment to construe the trust provision and determine whether the distributive share of Betty Jane Mantooth should be paid to Cledith Mantooth, the executor of her estate and only beneficiary under her will, or to her lawful descendants: Deborah Warren, David Mantooth, Pamela Sue Kindiger and Ernest Mantooth, all of whom were named as respondents in the suit for declaratory judgment.

On November 7, 1989, an Order of Declaratory Judgment was signed by the chancellor authorizing the distribution of the share of Betty Jane Mantooth to Cledith Mantooth "of the total assets of the trust from funds received from the estate of Ernest L. Huffman, deceased, whether or not actually delivered to the trustee from the said estate prior to the death of Betty Jane Mantooth." The order further ordered the distribution "of all income prior or earned subsequent to the death of Betty Jane Mantooth not previously distributed" to Deborah Warren, David Mantooth, Pamela Sue Kindiger and Ernest Mantooth.

No appeal was taken from the order of declaratory judgment. On January 21, 1991, Pamela Sue Kindiger filed a Motion For Correction of Order alleging that due to "errors in said Order For Declaratory Judgment arising from oversight or omission" the trustee is unable to make a determination as to the correct distribution.

No testimony was taken on the motion and on April 16, 1991, the chancellor, citing Ark. R. Civ. P. 60(a), entered an amended order altering the provision for distribution of "all income prior or earned subsequent to the death of Betty Jane Mantooth not previously distributed" to read, "all income earned subsequent to the death of Betty Jane Mantooth "as earned on trust corpus not previously distributed after June 20, 1988." Thus under the order the remaining funds identified as income accruing after June 20, 1988, were distributed in equal shares to the four children of Betty Jane Mantooth. Pamela Sue Kindiger filed a timely Notice of Appeal from the amended order.

Rule 60(a) deals with clerical mistakes arising from oversight or omission and provides that such mistakes may be corrected by the court at any time. Unquestionably, either party aggrieved by such correction may bring a timely appeal, but the appeal is not from the original order, or judgment, but from the

order purporting to correct it. 9 J. Moore, *Moore's Federal Practice* § 110.14[2].

In this case, none of appellant's arguments concern the distribution of income accruing either before or after the death of Betty Jane Mantooth. Appellant's three points of error are directed toward the Order of Declaratory Judgment entered some eighteen months earlier: One, the court erred in finding that Betty Jane Mantooth had a vested or assignable interest in an undivided share of the trust assets; two, the court erred in finding that Betty Jane Mantooth had a power of appointment over an undivided share of the trust property; three, the court erred in failing to find that the spendthrift clause of the trust precluded the transfer of Betty Jane Mantooth's interest in the trust by will or otherwise. Each of these points of error involves the order of November 8, 1989, and has no validity after the time for appeal has expired.

■ Since no brief has been filed by appellees there is no challenge to the timeliness of this appeal. Even so, we have held many times that the jurisdiction of this Court to consider an appeal is a matter we will address on our own. *Arkansas Savings and Loan Association* v. *Corning Savings and Loan Association*, 252 Ark. 264, 478 S.W.2d 431 (1972).

Appeal dismissed.