Sharon GRIGGS *v.* John COOK and Petroman, Inc.

93-339                                                864 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered November 8, 1993

*Robert A. Newcomb*, for appellant.

*Jack, Lyon & Jones, P.A.*, by: *Philip K. Lyon* and *Deborah Sallings*, for appellee.

ROBERT L. BROWN, Justice. The original complaint brought by the appellant, Sharon Griggs, against the appellees, John Cook and Petroman, Inc., alleged wrongful discharge and the tort of outrage. This appeal is from a summary judgment in favor of appellees. We hold that the appeal from the summary judgment was not timely, and we dismiss the appeal.

From July 25, 1989, until March 18, 1991, Sharon Griggs was employed as a Texaco station manager by Petroman, a subsidiary of Texaco Refining & Marketing, Inc. Her aunt, Jo Carol Moore, also worked for Petroman. Griggs's immediate supervisor was John Cook, who was a zone manager for Texaco Refining. On June 27, 1990, Griggs was interviewed by a Texaco investigator about a complaint of sexual harassment brought by Moore against Cook. Griggs was listed as a witness to the harassment. Moore was subsequently fired on August 13, 1990. Some seven months later on March 18, 1991, Griggs was terminated by Petroman.

What gave rise to this appeal was a complaint filed by Griggs against Petroman and Cook on November 12, 1991. In that complaint she alleged the torts of wrongful discharge and outrage and asserted that her firing was a retaliatory action taken by the appellees against her because of her witness status in the Moore/Cook sexual harassment matter.

On June 2, 1992, the appellees filed a motion for summary judgment regarding the Griggs complaint and attached Griggs's deposition and Cook's affidavit in support. According to Cook's affidavit, Griggs was fired due to several violations of company policy, including cashing her own personal checks, failing to measure gasoline in the station's tanks, failing to obtain adequate data from customers with competitor credit cards which led to revenue losses exceeding $1,200, and removing a car from the premises without the authority to do so.

On June 29, 1992, Griggs requested an extension of time to respond to the summary judgment motion until July 13, 1992. No decision was made on the extension request by the circuit judge, but she did not respond within the requested time. Rather,

she responded on July 30, 1992. She attached her deposition and Cook's deposition in support of her response.

On August 5, 1992, Cook and Petroman moved to strike Griggs's response as untimely. On that same date, the appellees replied to Griggs's response and emphasized that Griggs had presented no proof that she was terminated due to retaliation for her possible testimony in the sexual harassment matter.

On August 12, 1992, the circuit judge entered his order granting summary judgment to the appellees. In that order, he found that Griggs's response to the summary judgment motion was not timely, and as a result he took the facts alleged by the appellees as undisputed. Without a material issue of fact, the judge concluded that summary judgment in favor of the appellees was warranted.

On November 3, 1992, Griggs moved to modify the summary judgment pursuant to Ark. R. Civ. P. 60 on the basis that (1) she was denied a hearing prefatory to the summary judgment; and (2) summary judgment was entered by the judge without notice to her.

On November 6, 1992, the appellees responded to the motion to modify and argued that Griggs had shown no prejudice caused by the asserted lapses and added that Griggs's counsel had seen a copy of the proposed precedent for summary judgment prior to signature and entry.

On November 13, 1992, the appellees filed a supplemental response to Griggs's motion to modify and urged that the circuit judge had lost the authority to act on the motion under Ark. R. Civ. P. 60(b) due to the passage of 90 days from entry of the original order.

On December 10, 1992, the circuit judge entered an Amended Order. In that order, the judge stated:

> While the Court declines to modify its decision with respect to the granting of summary judgment in favor of Defendants, in accordance with Plaintiff's request, the Court enters the following Amended Order to clarify the basis of its decision.

The circuit judge then went on to say that even considering

Griggs's response and the pleadings, depositions, answers to interrogatories, and affidavits, the summary judgment was still warranted since Griggs had failed to present any evidence that she was a witness in proceedings on behalf of her aunt or that her termination was because of that. The judge stated, concomitantly, that proof was also lacking to raise an issue regarding her claim of outrage. The judge then concluded that his order of summary judgment dated August 13, 1992, "is hereby modified by this Order, which is entered this date now for then."

Because the issue is dispositive of this matter, we first address the appellees' argument that Griggs's appeal is untimely. There is no question that Griggs failed to appeal from the original order of summary judgment within thirty days as required by Ark. R. App. P. 4(a). The question then becomes whether her motion to modify the original order pursuant to Ark. R. Civ. P. 60(b), with the resulting Amended Order, salvages this appeal. Rule 60(b) provides for modification of trial court orders to "correct any error or mistake or to prevent the miscarriage of justice" within 90 days from the time that the original order is filed with the clerk. Griggs's motion to modify was filed on November 6, 1992 — 85 days after the original order of summary judgment. The Amended Order, however, was not entered until December 10, 1992, which was more than 90 days after the entry of the original order. We are aware that the circuit judge stated that the Amended Order was necessary to "clarify" his original order. Yet, the judge's Amended Order specifically concludes that the original order was "modified."

We believe that the circuit judge's Amended Order was a modification of the original order rather than a clarification. Our conclusion is based on the fact that in the Amended Order the trial judge considered Griggs's response to the motion for summary judgment and her supporting evidence for the first time. Previously, he had taken the facts alleged by the appellees as undisputed due to the lateness of Griggs's response. After considering her proof, he again concluded that summary judgment was warranted.

Our law is clear that not only must a modifying order be entered within 90 days of the original order, but the trial court loses the authority to modify an original order under Ark. R. Civ.

P. 60(b) after the expiration of 90 days from the entry of that first order. *Ware* v. *Gardner*, 309 Ark. 148, 827 S.W.2d 657 (1992); *City of Little Rock* v. *Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989); *Diebold* v. *Myers Gen. Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987). The same holds true in the case before us. The Amended Order, as a modification of the first order, was entered without question more than 90 days after that original order. There was no power in the circuit judge to act at this belated time. This was so even though the motion to modify was filed within the 90-day period. *City of Little Rock* v. *Ragan, supra*. The Amended Order, therefore, was void, and any notice of appeal from that void order was of no effect.

■    Finally, the fact that the Amended Order states that it is modifying the August 13, 1992 Order and is entered "now for then" does not render the Amended Order valid or the appeal timely. We have said that *nunc pro tunc* orders may be entered to correct a misprision of the clerk, but that the trial court cannot change an earlier record to correct something that should have been done but was not. *Bradley* v. *French*, 300 Ark. 64, 776 S.W.2d 355 (1989), *quoting Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989). The Amended Order in this case was clearly not for the purpose of correcting a misprision of the clerk. The *nunc pro tunc* device cannot be used to enter an order in a case when the trial court has already lost the authority to act. *See Murry* v. *State Farm Mutual Automobile Ins. Co.*, 291 Ark. 445, 725 S.W.2d 571 (1987) (per curiam).

Moreover, even if we did conclude that the effective date of the Amended Order was August 13, 1992, when the circuit judge had the power to act, this would not help Griggs since no notice of appeal was filed with respect to the original order. There is no basis for this appeal.

Appeal dismissed.