## STATE of Arkansas OFFICE of CHILD SUPPORT ENFORCEMENT *v.* Vicki Rene SECREST

98-245                                                      970 S.W.2d 814

Supreme Court of Arkansas
Opinion delivered July 2, 1998

*Kennedy, Phillips & Douthit*, by: *John C. Riedel*, for appellant.

*William F. Smith*, for appellee.

DAVID NEWBERN, JUSTICE.   Appellee Vicki Rene Secrest was awarded a divorce in the Washington County Chancery Court and child support of $74.00 per month to be paid by her ex-husband, Hal Secrest. Venue was changed to Pope County where the Chancellor entered an order on June 9, 1997, finding Mr. Secrest delinquent in child-support payments in the amount of $998.00. Mr. Secrest was ordered to pay $81.40 thereafter. Earlier payments had been made through the Office of Child Support Enforcement clearinghouse. At Ms. Secrest's request, after hearing her complaint that she had difficulty obtaining earlier payments made through the clearinghouse, the Chancellor ordered that the payments be made to the registry of the court.

On September 11, 1997, which was ninety-four days after the entry of the June 9, 1997 order, OCSE moved to inter-

vene, asserting that Ms. Secrest had assigned her rights to it. The following month, OCSE moved to modify the order to require that the payments be made though the clearinghouse. The motion was denied. OCSE appeals, contending that in accordance with Ark. Code Ann. § 9-14-803(b)(1)(A) (Supp. 1997), all child-support payments must be made through the clearing house. We accepted the case upon certification by the Court of Appeals because we had not previously interpreted the statute, but we must affirm the order because the motion to modify it was untimely and the Chancellor thus lacked jurisdiction to do so.

■ In accordance with Ark. R. Civ. P. 60(b), an order may be modified within ninety days of its having been filed with the clerk. Absent circumstances stated in Rule 60(c), which do not apply in this case, a court loses jurisdiction to modify its order after the passage of ninety days. *Slaton v. Slaton,* 330 Ark. 287, 956 S.W.2d 150 (1997); *Griggs v. Cook,* 315 Ark. 74, 864 S.W.2d 832 (1993).

Affirmed.