HOLT BONDING COMPANY, Inc. *v.* STATE of Arkansas

02–290                                          114 S.W.3d 179

Supreme Court of Arkansas
Opinion delivered May 8, 2003

[Petition for rehearing denied June 12, 2003.*]

---

\* CORBIN, J., not participating.

*Price Law Firm*, by: *Robert J. Price*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Holt Bonding Company, Inc., appeals from a judgment ordering the forfeiture of a $100,000 bond. Holt Bonding claims due process and statutory violations resulting from defective service of process and failure to receive notice. We find no error and affirm.

José Antonio Galindo-Montrel was charged by information filed in Sebastian County Circuit Court on June 13, 2000, Case

No. CR2000-523, with the offense of possession of marijuana with the intent to deliver. Holt Bonding posted a bail bond (No. 23-11634) in the amount of $100,000 to insure his appearance in the instant case. On November 27, 2000, the circuit court mailed notice to defense counsel and Holt Bonding that Mr. Galindo-Montrel's case was scheduled for a plea or trial request on January 24, 2001, at 10:00 a.m. Mr. Galindo-Montrel failed to appear at the scheduled hearing, and a bench warrant was issued for his arrest on the failure-to-appear charge. The State claims that Holt Bonding was given written notice of Mr. Galindo-Montrel's failure to appear pursuant to an order entered on January 30, 2001, being mailed to Holt Bonding.

On June 6, 2001, Holt Bonding was served with a bond-forfeiture summons by certified mail, return receipt requested, and ordered to appear on July 18, 2001, and show cause why the sum of $100,000 specified in the bail bond should not be forfeited and judgment entered against Holt Bonding. Holt Bonding did not appear at the show-cause hearing on July 18, 2001, and the bond forfeiture was ordered. On July 30, 2001, the circuit court entered a judgment that identifies Mr. Galindo-Montrel as the defendant and Holt Bonding as the respondent; but, according to the last paragraph of the order, the State is given judgment against "Exit Bail Bond Company." Holt Bonding was served with notice of the July 30, 2001 judgment by certified mail, return receipt requested, on August 2, 2001.

Subsequently, on November 2, 2001, the circuit court entered a second judgment, also identifying Mr. Galindo-Montrel as the defendant and Holt Bonding as the respondent, but the last paragraph of this order states that the State is given judgment against "Holt Bonding Company." The November 2, 2001 judgment also contains the following handwritten notation: "*(amended) to show correct bonding Co." Once again, Holt Bonding was served with notice of this later judgment by certified mail, return receipt requested.

Holt Bonding filed a timely notice of appeal from the judgment entered on November 2, 2001. This case was certified to us by the Arkansas Court of Appeals as an issue of first impression involving the interpretation of Ark. R. App. P.—Civ.4 and Ark.

R. Civ. P. 60. Therefore, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6) (2002).

■ The threshold issue presented by the instant case is whether the judgment entered on November 2, 2001, is a *nunc pro tunc*[1] order correcting clerical errors in the judgment entered on July 30, 2001. Rule 60 of the Arkansas Rules of Civil Procedure sets out the circuit court's power to amend a judgment or correct clerical errors:

> (a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.
>
> (b) *Exception; Clerical Errors.* Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Ark. R. Civ. P. 60(a), (b) (2002). Rule 60(b) is merely a restatement of Arkansas's well-settled law empowering the trial court to enter a *nunc pro tunc* order "to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lord v. Mazzanti*, 339 Ark. 25, 29, 2 S.W.3d 76, 78-79 (1999).

■ In determining whether a judgment is a *nunc pro tunc* order or an amendment, this court has looked beyond the form of the judgment to determine the true nature of the order. For example, in *Griggs v. Cook*, we examined an "Amended Order" that was entered "now for then" and determined that it was in reality more than a correction of a clerical error. 315 Ark. 74, 864 S.W.2d 832 (1993). The fact that the judgment was labeled as a *nunc pro tunc* order did not make it so. *Id.* Therefore, in the

---

[1] *Nunc pro tunc* means literally, "now for then." *Bridwell v. Davis*, 206 Ark. 445, 175 S.W.2d 992 (1943).

instant case, we must examine the November 2, 2001 judgment itself to determine its true nature.

As previously noted, Holt Bonding did not appear at a show-cause hearing on July 18, 2001, whereupon the circuit court entered the following judgment on July 30, 2001:

IN THE CIRCUIT COURT OF
SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CRIMINAL DIVISION

| | |
|---|---|
| STATE OF ARKANSAS | PLAINTIFF |
| VS.          CR-2000-523 | |
| JOSE A. GALINDO-MONTREL | DEFENDANT |
| STATE OF ARKANSAS | PETITIONER |
| VS. | |
| HOLT BONDING COMPANY | RESPONDENT |

JUDGMENT

Come now before the Court the proper parties in the above action on this 18th day of July, 2001. The Court being sufficiently advised finds that the original bond forfeiture was in the amount of One Hundred Thousand Dollars ($100,000.00) and that the sum of $100,000.00 should be remitted thereon.

IT IS, THEREFORE, BY THE COURT ORDERED that the State of Arkansas be given judgment against Exit Bail Bond Company and that the sum of $100,000.00 be remitted from the forfeiture. This amount is payable within ninety (90) days.

IT IS SO ORDERED.

[Signature]
HONORABLE MARK HEWETT
CIRCUIT JUDGE

[handwritten]
CC: PA
    Holt Bonding Co., Inc.

This judgment correctly identifies the case number as CR-2000-523, the defendant as Jose A. Galindo-Montrel, the respondent as Holt Bonding Company, and the bond amount as $100,000. While the second paragraph states "judgment against Exit Bail Bond Com-

pany," the circuit court sent the judgment by certified mail, return receipt requested, to Holt Bonding. John Holt acknowledged receipt of the July 30, 2001 judgment on August 2, 2001. Moreover, the circuit court's docket entry on July 30, 2001, states: "Judgment for bond forfeiture against Holt Bonding Co $100,000.00 payable w/in 90 days. (Shows Exit Bail Bonds w/in order)."

The judgment entered on November 2, 2001, is identical to the above-quoted judgment except that the second paragraph states "judgment against Holt Bonding Company," and the judgment shows a handwritten notation — "*(amended) to show correct bonding Co." Likewise, the circuit court's docket entry on November 2, 2001, reflects the following notation: "Judgment for bond forfeiture against Holt Bonding Company $100,000 payable w/in 90 days (This judgment filed to show correct bonding company in the body of the order)." The circuit court also sent a copy of the November 2, 2001 judgment to Holt Bonding by certified mail, return receipt requested, and its delivery was acknowledged by John Holt on November 7, 2001.

■ ■ As we held in *Griggs v. Cook, supra*, the fact that an order was labeled as a *nunc pro tunc* order is not dispositive of its true nature. Similarly, we look beyond the form of the judgment at issue here to determine its true nature. Based upon our review of the judgments, as described above, we conclude that the November 2, 2001 judgment was in reality a correction of a clerical error in the earlier order. As such, the November 2, 2001 judgment is a *nunc pro tunc* order under Rule 60(b). An appeal from a *nunc pro tunc* order "is not from the original order, or judgment, but from the order purporting to correct it." *Kindiger v. Huffman*, 307 Ark. 465, 466-67, 821 S.W.2d 33, 34 (1991). Thus, an appeal from a *nunc pro tunc* order contests the propriety of the corrections made and may not be used to challenge issues that should have been appealed from the original order but were not. *Id.; see also Griggs v. Cook, supra*.

■ ■ As its first point on appeal, Holt Bonding asserts that its due process rights under both the Fourteenth Amendment to the United States Constitution and Ark. Code Ann. § 6-13-209 (Repl. 1999) were violated because it did not receive notice

prior to the entry of the *nunc pro tunc* order.[2] In *Luckes v. Luckes*, this court held that a *nunc pro tunc* order will not be set aside as having been entered without notice to the defendant where no prejudice is shown. 262 Ark. 770, 561 S.W.2d 300 (1978); *see also Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (Ark. App. 1979). Therefore, in order for Holt Bonding to prevail on its first point, it must show that it was prejudiced by the lack of notice. Holt Bonding, however, has not shown how it was prejudiced because the *nunc pro tunc* judgment of November 2, 2001 was correct. It reflects an accurate correction of a clerical error in the earlier order. As we explained in the *Luckes* case: "[I]t is argued that the *nunc pro tunc* order of August 3 should be set aside as having been entered without notice. The trouble with that argument is that no prejudice is shown, because the order was correct. Nothing would be gained by setting aside the order and immediately re-entering it." *Luckes v. Luckes*, 262 Ark. at 771-72, 561 S.W.2d at 302. Accordingly, we conclude that Holt Bonding's first argument is without merit.

▮ The second point on appeal is not properly before this court because it arises from the original judgment entered on July 30, 2001, and not from the *nunc pro tunc* order entered on November 2, 2001. Specifically, Holt Bonding contends that the State did not strictly and exactly comply with the requirements for notice and service of process in bond-forfeiture proceedings, as set forth in Ark. Code Ann. § 16-84-201 (Supp. 2001). This is an issue that could have been raised in a timely appeal from the original judgment, but no notice of appeal was timely filed after entry of that judgment. *Griggs v. Cook, supra; Kindiger v. Huffman, supra*. Because the issue does not relate to the correction made in the *nunc pro tunc* order, it is not properly on appeal, and we need not address it.[3]

▮ As its final point, Holt Bonding asserts that there is no evidence in the record to reflect that Mr. Galindo-Montrel was ever given actual notice to appear on January 24, 2001, and that this procedural error voids any requirement that Holt Bonding be

---

[2] Although not argued by the parties, we note that Ark. R. Civ. P. 60(b)(2002) also provides for notice to the parties prior to the entry of a *nunc pro tunc* order.

[3] We note that the circuit court obtained jurisdiction over Holt Bonding upon service of the bond-forfeiture summons and show-cause order on June 6, 2001.

liable for his failure to appear. Again, this issue arises from the original judgment, not the *nunc pro tunc* order entered on November 2, 2001, and is not properly before this court.

Affirmed.