James J. KELLY *v.* June MORRISON, as Special Administratrix for the Estate of Mildred Bostic

CA 03-191

118 S.W.3d 155

Court of Appeals of Arkansas
Division III
Opinion delivered September 24, 2003

*The Stanley Law Firm, P.A.*, by: *James W. Stanley, Jr.*, for appellant.

*Lewis E. Ritchey*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, James J. Kelly, appeals only from an order that amended an original order granting the motion of appellee, June Morrison, as Special Adminis-

tratrix for the Estate of Mildred Bostic, to set aside a deed conveying property from Mildred Bostic to appellant. Appellant argues that the circuit court erred in its evaluation of both Bostic's mental capacity and the nature of the relationship between appellant and Bostic. Appellant, however, failed to appeal from the original order, which he must do to raise this issue. Therefore, we dismiss the appeal.

The relevant facts surrounding our decision to dismiss the appeal are as follows: On June 4, 2002, the circuit court held a hearing on appellee's complaint to set aside a deed conveying Bostic's residence to appellant. On August 21, 2002, the court entered an order concluding that "the Deed executed by Mildred Bostic, dated April 7, 1997[,] purporting to convey the property owned by Ms. Bostic to Mr. Kelly, is hereby canceled and set aside."

On October 25, 2002, appellee filed a motion to amend the August order, asking that the order accurately describe the deed that was set aside by the order. On November 20, 2002, the court entered an amended order dated the previous day that, other than the date provided in the order, replicated the August order, except that its concluding paragraph provided that "the Deed executed by Mildred Bostic, dated April 7, 1997[,] *recorded in the Pulaski County Circuit Court Records as document #97-021357 and as document #2000-063254* purporting to convey the property owned by Ms. Bostic to Mr. Kelly, is hereby canceled and set aside." (Emphasis added.) Thus, the only difference between the two orders was the above-italicized language, which described where the deed was recorded, that is, on specific pages in the deed records of Pulaski County. On December 9, 2002, appellant filed a *pro se* notice of appeal from the "November 19, 2002[,] decision."

We observe that the December notice of appeal referred only to the November order, and the notice of appeal was timely filed within thirty days of the November order. *See* Ark. R. App. P.—Civ. 4(a) (2003). Appellant, however, did not file a notice of appeal, timely or otherwise, from the August order. On appeal, appellant does not raise an issue challenging the propriety of the changes made by the November order. Rather, appellant argues the merits of the court's decision to set aside the deed, an issue that arose from the August order. The question then is whether, by filing the December notice of appeal from the November order, appellant may challenge the August order. We conclude he cannot.

We are guided by the Arkansas Supreme Court's decision in *Holt Bonding Co., Inc. v. State*, 353 Ark. 136, 114 S.W.3d 179 (2003). In that case, the circuit court entered on July 30, 2001, a judgment granting a bond forfeiture. The judgment, however, erroneously stated in its last paragraph that the State was given judgment against "Exit Bail Bond Company" rather than Holt Bonding. On November 2, 2001, the circuit court entered a second judgment stating in the last paragraph that the State was given judgment against Holt Bonding. Holt Bonding filed a timely notice of appeal from the November judgment. On appeal to this court, we certified the case to the Arkansas Supreme Court as an issue of first impression.

The court determined that the threshold issue was whether the November judgment was a *nunc pro tunc* judgment correcting clerical errors in the July judgment. Quoting from *Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999), the court observed that a *nunc pro tunc* order may be entered "to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." The court concluded that the November judgment was a correction of a clerical error in the July judgment, and therefore, it was a *nunc pro tunc* order under Rule 60(b) of the Arkansas Rules of Civil Procedure.[1] Further, quoting from *Kindiger v. Huffman*, 307 Ark. 465, 821 S.W.2d 33 (1991), the court stated that "[a]n appeal from a *nunc pro tunc* order 'is not from the original order, but from the order purporting to correct it.' " The court concluded that "an appeal from a *nunc pro tunc* order contests the propriety of the corrections made and may not be used to challenge issues that should have been appealed from the original order but were not."

The court observed that Holt Bonding appealed in part from issues that were not properly before the court because the issues arose from the July judgment, and not from the November *nunc pro tunc* order. It noted that the issues could have been raised in a timely appeal from the July judgment, but that no notice of appeal was timely filed after entry of that judgment. The court decided that because the issues raised did not relate to the correction made

---

[1] That rule provides in part that "the court may at any time ... correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission."

in the *nunc pro tunc* order, they were not properly before the court on appeal, and the court refused to address them.

■ We reach a similar conclusion here. The November order was nearly identical to the August order, providing only the location of the recordation of the deed set aside in the August order. Thus, the November order was *nunc pro tunc*, correcting a clerical mistake that, as contemplated by Rule 60(b) of the Arkansas Rules of Civil Procedure, arose from an oversight or omission in the August order, and the November order was entered to make the record speak the truth, but not to make it speak what it did not speak but should have spoken.

■ In accordance with *Holt Bonding*, to raise an issue that arose from the August order, appellant should have appealed from the August order. Instead, appellant only appealed from the *nunc pro tunc* November order correcting the August order, and consequently, appellant could challenge on appeal only the propriety of the corrections made. Because appellant raises on appeal an issue that arose from the August order and not from the November *nunc pro tunc* order, the issue is not properly before this court. Consequently, we dismiss this appeal. *See Kindiger, supra* (dismissing appeal where appellant raised issues involving the original order but filed a notice of appeal only from the correcting order).[2]

Appeal dismissed.

CRABTREE and ROAF, JJ., agree.

---

[2] We note that in *Holt Bonding*, rather than dismissing the appeal, the Arkansas Supreme Court affirmed the decision. In that case, however, appellant raised a cognizable issue questioning the propriety of the corrections made in the *nunc pro tunc* order. Because appellant in this case did not raise any cognizable issues, we, as the Arkansas Supreme Court did in *Kindiger*, dismiss the appeal.