2008 WY 119

**Lyal D. McCORMACK, Appellant (Respondent),**

v.

**STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, Appellee (Petitioner),**

and

**Diana L. McCormack, Appellee (Respondent).**

No. S–08–0173.

Supreme Court of Wyoming.

Oct. 8, 2008.

**ORDER GRANTING MOTION TO DISMISS APPEAL**

[¶ 1] **This matter** came before the Court upon a "Motion to Dismiss Appeal," filed herein September 9, 2008, by the State of Wyoming, Department of Family Services. After a careful review of the motion, the Brief of Appellant, and the file, this Court finds that the motion to dismiss this appeal should be granted. In reaching this conclusion, the Court finds and concludes as follows:

1. On or about July 30, 2007, there was filed, on Appellant's behalf, a Petition to Modify Child Support;

2. On April 2, 2008, the district court entered its "Order Denying Relief Requested by Respondent Lyal D. McCormack in his Petition to Modify Support;"

3. On April 11, 2008, the Department of Family Services filed a motion to correct the order, *nunc pro tunc;*

4. On May 21, 2008, the district court entered its "Order Denying Relief Requested by Respondent Lyal D. McCormack in his Petition to Modify Support *Nunc Pro Tunc*" (the *nunc pro tunc* order). This order made the following correction to two paragraphs: the original order stated that the "judgment is entered against Lyal D. McCormack in the sum of $6,123.76 through December 31, 2008; the correct date is December 31, 2007, and the judgment should be awarded to

Diana L. McCormack." The order indicates that these clerical errors were corrected "pursuant to W.R.C.P. 60(a);"

5. On June 13, 2008, Appellant mailed his notice of appeal from a correctional facility. Under what is known as the "prisoner delivery rule," the notice of appeal was deemed filed on that date. W.R.A.P. 14.04;

6. In his notice of appeal, Appellant indicates that he is appealing from the order entered on May 21, 2008, the *nunc pro tunc* order;

7. Appellant's notice of appeal, June 13, 2008, is timely as to the May 21st *nunc pro tunc* order;

8. Appellant's notice of appeal is not timely as to the original order, the April 2nd "Order Denying Relief Requested by Respondent Lyal D. McCormack in his Petition to Modify Support." W.R.A.P. 2.01;

9. On September 29, 2008, Appellant filed his "Brief of Appellant" in this Court;

10. In his Brief of Appellant, Appellant challenges the original order. Appellant does not challenge the corrections made in the *nunc pro tunc* order;

11. This Court finds that, although the appeal from the *nunc pro tunc* order is proper, this appeal should be dismissed because Appellant, in his brief, does not challenge the *nunc pro tunc* order. Instead, Appellant challenges only the original order. However, he has not filed a timely appeal to challenge that order. Thus, without a challenge to the *nunc pro tunc* order, this Court finds that this appeal should be dismissed;

12. Cases from other jurisdictions support this result. In *Breslow v. Breslow,* [306 Ill.App.3d 41, 239 Ill.Dec. 111] 713 N.E.2d 642, 649–50 (Ill.App. Ct. 1st Dist.1999) an Illinois court wrote:

A *nunc pro tunc* order may itself properly be treated as an appealable order, because it would be manifestly unfair to allow a party no avenue in which to seek appellate review of the propriety of such an order. Accordingly, although a *nunc pro tunc* order for some purposes "relates back" to the time of the order it corrects, it does not relate back "in such a manner as to make it impossible to file a notice of appeal within the time required" by the supreme court rules....

However, we are aware of no authority for the proposition that the entry of a *nunc pro tunc* order somehow has the effect of "unfinalizing" a prior final judgment.... The fact that a nunc pro tunc order is itself appealable does not connote that once a nunc pro tunc order has been entered a party may, in an appeal from the nunc pro tunc order, challenge provisions of the underlying order which was corrected nunc pro tunc. In fact, the only authority of which we are aware holds directly to the contrary, that a party may not use an appeal from a *nunc pro tunc* order as a vehicle for attacking portions of a final judgment from which the time to appeal has elapsed.

(Underline supplied.)

13. To state the rule somewhat more succinctly, we quote the Arkansas Supreme Court, which has written:

An appeal from a *nunc pro tunc* order "is not from the original order, or judgment, but from the order purporting to correct it." *Kindiger v. Huffman,* 307 Ark. 465, 466–67, 821 S.W.2d 33, 34 (1991). Thus, an appeal from a *nunc pro tunc* order contests the propriety of the corrections made and may not be used to challenge issues that should have been appealed from the original order but were not.

*Holt Bonding Co. v. State,* [353 Ark. 136] 114 S.W.3d 179, 183 (Ark.2003) (citations omitted); *see also Kelly v. Morrison,* [83 Ark.App. 125] 118 S.W.3d 155, 157–58 (Ark.Ct.App.2003) ("appellant only appealed from the *nunc pro tunc* November order correcting the August order, and consequently, appellant could challenge on appeal only the propriety of the correc-

tions made"); *Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 293–94 (Ark.2007) ("We have dismissed appeals as untimely when appellants, after the time for appealing from the original order had expired, attempted to appeal issues not addressed in or corrected by the *nunc pro tunc* order");

14. We agree with these authorities. Thus, given the circumstances of this case, and for the reasons noted above,

**IT IS ORDERED** that the "Motion to Dismiss Appeal," filed herein September 9, 2008, be, and hereby is, granted; and it is further

[¶ 2] **ORDERED** that the captioned appeal be, and hereby is, dismissed.

**DATED** this 7th day of October, 2008

**BY THE COURT:**
/s/William U. Hill
WILLIAM U. HILL
Justice.