2011 WY 139

**Martin HULTGREN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0023.

Supreme Court of Wyoming.

Oct. 4, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; and Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Faculty Director, Prosecution Assistance Program; and Joshua Beau Taylor, Student Director.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]  After a bench trial, the district court held appellant Martin Hultgren (Hultgren) in criminal contempt, due to his failure to comply with the terms of a dispositional order entered in a juvenile case.  This is an appeal from the district court's "Judgment and Sentence (Criminal Contempt of Court)."  We will affirm, because the basis for Hultgren's claim of error no longer exists, thanks to the district court's entry of its "Judgment and Sentence (Criminal Contempt of Court) Nunc Pro Tunc."

### FACTS

[¶ 2]  This case began on May 11, 2010, when the Campbell County Attorney filed a "Motion for Order to Show Cause Why Defendant Ought Not be Held in Criminal Contempt of Court."  The show cause motion alleged that Hultgren failed to comply with the terms and conditions of a January, 2010 order of disposition that was filed in a juvenile case.  The juvenile case involves the daughter of Hultgren's fiancée.  Hultgren was made a party to the juvenile case as a "significant other."  The show cause motion alleged that Hultgren violated the juvenile court order in six ways.  The district court immediately issued an "Order to Show Cause and Order to Appear (Criminal Contempt of Court)."

[¶ 3]  On May 25, 2010, the district court held an arraignment-type hearing.  At the outset of the hearing, the State made an oral motion to amend the charge—to conform the charge to what was alleged in the affidavit

that supported the motion for order to show cause. The district court granted the motion. Thus, the amended charge alleged that Hultgren violated the juvenile court order in three ways (not six): (1) He failed to comply with Department of Family Services' (DFS) requests that he submit, every weekend, to extractions of bodily substances for testing; (2) he consumed alcohol; and (3) he was in the presence of alcohol. The district court entered a not guilty plea on Hultgren's behalf.

[¶ 4]   The district court conducted a bench trial, which was completed on October 12, 2010. At the close of the evidence, the judge ruled that the State had proved its case beyond a reasonable doubt. The judge then imposed a jail sentence of 90 days, along with a fine of $500.00. Both the jail sentence and the fine were suspended in favor of 90 days of probation.

[¶ 5]   On November 16, 2010, the district court entered its written "Judgment and Sentence (Criminal Contempt of Court)." Despite the fact that the charge had been amended to allege only three violations, the district court's order indicates that it held Hultgren in contempt on six ground for failing to (1) report change of address; (2) fully cooperate with DFS, the GAL, and CASA; (3) submit to extractions of bodily substances for testing; (4) comply with treatment recommendations from his substance abuse evaluation; (5) not use alcoholic beverages; and (6) not be in the presence of alcohol. Hultgren filed a timely notice of appeal to challenge that order.

[¶ 6]   After the parties filed their briefs in this appeal, the State of Wyoming filed a "Notice" informing this Court that in July of 2011 the district court entered a "Judgment and Sentence (Criminal Contempt of Court) Nunc Pro Tunc." That order is included in the appellate record.[1]   In the nunc pro tunc order, the district court amended its earlier order to reflect that it found that Hultgren violated the juvenile court order in three ways (not six): (1) He failed to comply with DFS requests that he submit, every weekend, to extractions of bodily substances for testing; (2) he consumed alcohol; and (3) he was in the presence of alcohol.

## DISCUSSION

[¶ 7]   In his brief, Hultgren states one issue:

Was [Hultgren] denied his right to a fair sentencing when the district court considered him in contempt of court for violating six provisions of its previous order, instead of just the three he was arraigned on, when proclaiming the sentence?

[¶ 8]   This Court finds that, given the entry of the nunc pro tunc order,[2] the basis for Hultgren's issue in this appeal has disappeared.   In the nunc pro tunc order, the district court clarified that it held Hultgren in contempt based upon the three violations contained in the amended contempt charge. Thus, Hultgren can no longer complain that the district court relied upon six violations when it imposed sentence.   In sum, given the entry of the nunc pro tunc order, Hultgren can no longer maintain his appellate issue. In addition, because Hultgren does not take any other issue with the "Judgment and Sentence (Criminal Contempt of Court)," this

---

1. Were the nunc pro tunc order not already included in the appellate record, this Court could take judicial notice of it, inasmuch as a court may "take judicial notice of its own records in the case before it or in a case closely related to it." *State in Interest of C.*, 638 P.2d 165, 172, n. 10 (Wyo.1981); *Wayt v. State*, 912 P.2d 1106, 1109 (Wyo.1996).

2. With respect to nunc pro tunc orders, this Court has written:

A nunc pro tunc order is used to correct an inaccuracy in an earlier order. *Johnson v. State*, 914 P.2d 810, 812 (Wyo.1996); *Christensen v.*

*State*, 854 P.2d 675, 682 (Wyo.1993). A district court may not, however, use a nunc pro tunc order to make a substantive change in a judgment or order. See, *Johnson*, 914 P.2d at 812; *Eddy v. First Wyoming Bank, N.A.-Lander*, 713 P.2d 228, 234 (Wyo.1986).

*Dolence v. State*, 2005 WY 27, ¶ 1, fn. 1, 107 P.3d 176, 177 (Wyo.2005); see also *McCormack v. State, Dept. of Family Services*, 2008 WY 119, 193 P.3d 1147 (Wyo.2008). The nunc pro tunc order entered in this matter has not been challenged, so that order stands as a valid order of the district court.

Court finds that said order should be, and hereby is, affirmed.