
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-430

LORI L. MASSANELLI

APPELLANT

V.

GREGG L. MASSANELLI

APPELLEE

Opinion Delivered: FEBRUARY 10, 2016

APPEAL FROM THE UNION COUNTY CIRCUIT COURT
[NO. DR-08-580]

HONORABLE EDWIN KEATON, JUDGE

APPEAL DISMISSED

## KENNETH S. HIXSON, Judge

Appellant Lori L. Massanelli and appellee Gregg L. Massanelli were divorced in December 2008. Lori was awarded custody of the parties' two minor children, and Gregg was ordered to pay $7000 in monthly child support. After the older child graduated from high school in May 2012, Gregg continued to pay $7000 in monthly child support.

The present round of litigation began on November 5, 2013, when Gregg filed a motion for change of custody, or alternatively for a reduction in child support. On the same day, Gregg filed motions to terminate alimony and to find Lori in contempt for violating the terms of the divorce decree. Lori responded by filing motions for contempt, supervised visitation, and adjustment of child support, requesting that Gregg be ordered to pay child support according to the child-support chart.

At the hearing held on July 23, 2014, Gregg stated that he was no longer pursuing custody but sought a reduction in his child-support obligation. On December 9, 2014, the trial court entered an order that deviated downward from the support chart and reduced Gregg's child-support obligation to $4300 per month. The deviation was ordered retroactive to the first pay period after Gregg filed his motion to reduce child support, resulting in a $32,400 overpayment that Lori was ordered to discharge in favor of Gregg. On December 16, 2014, the trial court entered what was styled an "amended order," but which contained identical findings and conclusions as the December 9, 2014 order. The amended order changed only the format of paragraph three, by changing the contents of that paragraph from double spaced to single spaced and by adding quotation marks to a quoted portion of the original decree and property-settlement agreement.

Lori filed a motion for new trial on December 29, 2014, which, pursuant to Arkansas Rule of Civil Procedure 59(b), was deemed denied on January 28, 2015. Lori filed a notice of appeal on February 20, 2015, purporting to appeal from both the December 9, 2014 order, and the December 16, 2014 amended order. Her arguments on appeal are that the trial court erred in reducing child support and erred in ordering a judgment against her for retroactive overpayment of support.

Gregg filed a motion, with our court, to dismiss Lori's appeal as untimely.[1] We passed the motion until submission of the case. We agree that Lori has failed to timely appeal, and therefore we dismiss the appeal for lack of jurisdiction.

---

[1] Pursuant to our supreme court's decision in *Sloan v. Arkansas Rural Medical Practice Loan & Scholarship Board*, 369 Ark. 442, 255 S.W.3d 834 (2007), the issue of whether an order is final and appealable pursuant to Arkansas Rule of Appellate Procedure−Civil 2 is

In reaching our decision, we are guided by our supreme court's decision in *Francis v. Protective Life Insurance Co.*, 371 Ark. 285, 265 S.W.3d 117 (2007). In that case, a judgment against the appellant for $22,786.60 was entered by facsimile on November 3, 2005. A hard copy of the judgment was subsequently entered on November 10, 2005, which was identical to the original judgment except for the fact that the interest rate was changed from six percent to ten percent. Appellant filed her notice of appeal on December 9, 2005, which was within thirty days of the November 10 order but more than thirty days following the November 3 order.

In dismissing the appeal as untimely in *Francis*, *supra*, the supreme court wrote:

> [W]e hold that the November 3 order and judgment constitute the final, appealable order. For us to hold otherwise would require a finding that the November 10 order amended the November 3 order, replacing it as the final, appealable order. This we cannot do. The November 10 judgment is clearly *nunc pro tunc*, and the November 3 and 10 orders are identical.
>
> Arkansas Rule of Civil Procedure 60 and case law extending back over 150 years give circuit courts the authority to correct a clerical mistake in an order at any time with a *nunc pro tunc* order, used to "make the record speak now what was actually done then." *Bridwell v. Davis*, 206 Ark. 445, 447, 175 S.W.2d 992, 994 (1943). A circuit court is permitted to enter a *nunc pro tunc* order when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk. This court has defined a true clerical error, one that may be corrected by *nunc pro tunc* order, as "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Luckes v. Luckes*, 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978).
>
> In the instant case, the hand-written entry of an interest rate of six percent on the November 3 judgment, which was changed to ten percent on the November 10 judgment, can be said to be a true clerical error. . . . The insertion of a six percent interest rate on the November 3 judgment was obviously a clerical error, that is, one arising not from an exercise of the court's judicial discretion but from a mistake. Thus, the correction of the post-judgment interest rate, so as to reflect the ten percent

always secondary to whether a timely notice of appeal has been filed under Arkansas Rule of Civil Procedure 4. Therefore, while there may be finality issues in this case, we must first determine whether this appeal must be dismissed because Lori did not file a timely notice of appeal.

interest rate fixed by statute, was accomplished by the November 10 *nunc pro tunc* judgment.

An appeal from a *nunc pro tunc* order may challenge only those corrections made in the *nunc pro tunc* order; it may not challenge issues in the original order that could have been appealed earlier. *See Kindiger v. Huffman*, 307 Ark. 465, 821 S.W.2d 33 (1991). We have dismissed appeals as untimely when appellants, after the time for appealing from the original order had expired, attempted to appeal issues not addressed in or corrected by the *nunc pro tunc* order. *See id.*; *Holt Bonding Co., Inc. v. State*, 353 Ark. 136, 114 S.W.3d 179 (2003). In the instant case, the interest rate was the only change made in the November 10 *nunc pro tunc* judgment and order, but Elizabeth's appeal does not concern the interest rate correction. Under our prior precedent, we must dismiss as untimely the appeal of all other issues.

*Francis*, 371 Ark. at 292–94, 265 S.W.3d at 122–23 (some internal citations omitted).

In *Holt Bonding Co. v. State*, 353 Ark. 136, 114 S.W.3d 179 (2003), cited above in *Francis*, the trial court entered a judgment on July 30, 2001, and a subsequent judgment on November 2, 2001, changing only the last paragraph to reflect that the order was against Holt Bonding Company instead of a previously misidentified defendant. Holt Bonding filed a timely notice of appeal from the November 2, 2001 judgment, and the supreme court, finding the November 2 judgment to be a *nunc pro tunc* order, held that the appeal could contest only the propriety of the changes made and could not be used to challenge issues that should have been appealed from the original order but were not. The court in *Holt* stated that we look beyond the form of the judgment to determine its true nature.

In the present case, the original order was entered on December 9, 2014, the "amended order" was entered on December 16, and Lori filed her motion for new trial on December 29. Rule 59(b) of the Arkansas Rules of Civil Procedure provides that a motion for new trial must be made not later than ten days after entry of judgment, and Rule 6 provides that when the time period prescribed is less than fourteen days then intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Pursuant to

the above rules, Lori's motion for new trial would be timely filed from the December 16 order, but was not timely filed from the December 9 order.

As was the case in *Francis* and *Holt Bonding*, we conclude that the December 16 order was in the nature of a *nunc pro tunc* order because the order only purported to correct the December 9 order by changing the formatting of a single paragraph. The only changes were to add quotation marks and to alter the line spacing. The content and substance of the altered paragraph, as well as the remaining paragraphs, remained identical.

Therefore, we hold that the December 9 order constituted the final, appealable order from which Lori should have appealed. Lori did not file a notice of appeal within thirty days of the December 9 order as required by Arkansas Rule of Appellate Procedure–Civil 4(a), nor did she file any timely motion from that order to extend the time for filing her notice of appeal. The December 16 order made no substantive changes, and Lori's appeal does not concern the minor changes that were made in that order. Therefore, we must dismiss Lori's appeal as untimely.

Appeal dismissed.

VAUGHT, J., agrees.

HARRISON, J., concurs.

**BRANDON J. HARRISON, Judge, concurring.** When simultaneously presented with two independent reasons to dismiss an appeal, a court should choose the one that permits the parties to return to the courthouse so the merits of the appeal may eventually be decided. Our supreme court's case law doesn't permit that option right now, however, so I agree that Lori Massanelli's appeal must be dismissed because she filed an untimely

5

notice of appeal. *Sloan v. Ark. Rural Med. Practice Loan & Scholarship Bd.*, 369 Ark. 442, 255 S.W.3d 834 (2007). And because her appeal is being dismissed as untimely, the dismissal is with prejudice. *Seay v. C.A.R. Transp. Brokerage Co.*, 366 Ark. 527, 531, 237 S.W.3d 48, 51 (2006) (dismissing the appeal "with prejudice" given the untimely notice of appeal). There is, however, a good reason why the appeal could be dismissed without prejudice.

My colleagues state "there may be finality issues in this case." There are finality issues. At a minimum, the circuit court did not resolve the child custody or alimony motions pending before it. Normally this would mean that the appeal would be dismissed without prejudice because the order did not resolve all the contested issues, and the circuit court did not certify the case pursuant to Arkansas Rule of Civil Procedure 54(b). *See, e.g.*, *Mitchell v. Mitchell*, 98 Ark. App. 47, 249 S.W.3d 847 (2007). So Ms. Massanelli appealed from two separate non-final orders—and failed to file her notice of appeal within the time required by our rules given the current nunc pro tunc law. The finality problem, coupled with the notice of appeal issue, presents a pivotal dilemma: whether to dismiss this appeal with or without prejudice.

The nunc pro tunc law applied today is not my subject here. Instead, I concentrate on a line of developing appellate-jurisdiction precedent that requires us to dismiss this appeal with prejudice when there is a valid and independent reason to dismiss it without prejudice. The supreme court case *Sloan v. Arkansas Rural Medical Practice Loan & Scholarship Board*, mentioned earlier, is the root of the dilemma.

Like this case, the notice of appeal in *Sloan* was untimely pursuant to Ark. R. App. P–Civ. 4. The Sloans, however, moved to dismiss their appeal under Ark. R. Civ. P. 54(b)

for lack of a final order. *Id.* at 445, 255 S.W.3d at 837. Perhaps the Sloans offered their case upon the altar of finality to give the supreme court a reason not to dismiss the appeal with prejudice given the untimely notice of appeal. But the supreme court rejected the request. Why it did so is worth a full look. We should pay particular attention to the categorical pronouncement at the end of the quotation, which is that an untimely notice of appeal *always* trumps a finality problem:

> The timely filing of the notice of appeal and record is a threshold jurisdictional prerequisite for this court. Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil states in relevant part that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment decree or order *appealed from*." Ark. R. App. P.–Civ. 4(a) (emphasis added). As a matter of practice, our clerk will not allow an appeal to proceed without both a timely notice of appeal and record. The reason for this practice is that Ark. R. App. P.–Civ. 4 is paramount to appellate-court jurisdiction. The plain language of the rule requires that the notice of appeal be filed within thirty (30) days from the judgment decree or order appealed from. Rule 4(a). While Ark. R. App. P.–Civ. 2 sets forth the orders that are appealable, it is for the appellate court to determine whether the order properly fits within one of Rule 2's subsections once an appeal is lodged. For example, Ark. R. App. P.–Civ. 2(a)(11) provides that an appeal may be taken from an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties if the circuit court has directed entry of a final judgment as to one or more but fewer than all the claims or parties and has made an express determination that there is no just reason for delay and has executed the certificate required by Ark. R. Civ. P. 54(b). Whether an order has properly been appealed pursuant to Rule 54(b) is indeed a jurisdictional question, which this court may address *sua sponte*. *See, e.g.*, *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005). However, such a determination for Rule 2 purposes *is always* secondary to whether a timely notice of appeal and record has been filed.

In my view, *Sloan* provided no satisfying legal reason why a late notice of appeal must trump a non-final order when both problems appear simultaneously in the same appeal. As a matter of real-world practice in the circuit courts, a party doesn't even need a notice of appeal until he, she, or it has a final, appealable order on file with the circuit court. Final

orders trigger notices of appeal. The court in *Sloan*, however, reversed the natural order of things and categorically stated that, when presented with two appellate-jurisdictional lapses, it will always choose the one that dismisses an appeal with prejudice. And here it's vital to make clear that a dismissal with prejudice is the undisputed legal consequence of choosing to dismiss an appeal based on an untimely notice. *Seay*, 366 Ark. at 531, 237 S.W.3d at 51 (dismissing the appeal "with prejudice" given the untimely notice of appeal); *see also* Megan Hargraves, *Common Procedural and Jurisdictional Pitfalls to Avoid in Practicing Before the Arkansas Supreme Court*, 33 U. Ark. Little Rock L. Rev. 119, 120–21 (Winter, 2011) (citing *Seay* and warning that "[i]t is critical for practitioners to ensure that they file all notices of appeal in a timely fashion because an untimely appeal must be dismissed with prejudice").

I respectfully suggest that *Sloan*'s approach should be reconsidered at the first opportunity. Any undue delay will only needlessly frustrate more parties who seek to appeal, because *Sloan* has become an influential jurisdictional precedent in a relatively short amount of time.

For example, this court, in *Flow v. Turner*, 2015 Ark. App. 413, dismissed an appeal for lack of a timely notice of appeal instead of for finality reasons, stating that "the issue of whether an order is final and appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2 (2014) is always secondary to whether a timely notice of appeal and record has been filed under Arkansas Rule of Appellate Procedure–Civil 4(a) (2014)." *Id*. at 4. And there is *Fire System Technology, Inc. v. First Community Bank of Crawford County*, 2015 Ark. App. 334, 464 S.W.3d 125—a second case from this court that applied *Sloan*—where we did not consider the validity of a Rule 54(b) certificate before dismissing an appeal when an untimely

notice had been filed. As *Sloan* required, we elevated an untimely notice of appeal issue above a finality issue. This means the case was dismissed with prejudice rather than without prejudice.

*Sloan* has not, however, been followed at every turn. Therein lies a second problem: a conflict in the cases seems to exist between the supreme court's *Sloan* approach and this court's cases, when viewed as a whole. Specifically, in 2015, this court considered the finality of an appealed order before deciding an appellee's motion to dismiss based on an untimely notice of appeal. In *Yarbrough v. Powell*, 2015 Ark. App. 218, 459 S.W.3d 329, we dismissed an appeal without prejudice because there was no final order. In doing so, this court stated that "[o]ur ruling makes it unnecessary to address [Powell's] motion to dismiss, in which she argues that [Yarbrough's] notice of appeal was untimely." *Id*. at 5, 459 S.W.3d at 332. I wholly agree with the *Yarbrough* decision, but the approach taken there was, pragmatically speaking, opposite *Sloan's*. Pursuant to *Sloan*, we arguably should have decided the untimely notice argument first because it had primacy of place over the finality question.

Yet a case decided just two years before *Sloan* provided fuel for *Yarbrough*'s holding and illustrates how the supreme court has changed its view on a notice of appeal issue. In *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 360 Ark. 521, 523, 202 S.W.3d 525, 526 (2005), the supreme court stated—in strong dictum but not a holding—that the first notice of appeal filed "was a nullity" because it had been filed from a non-final order. The null-notice statement in *Servewell* is opposite *Sloan*'s subsequent categorical approach.

To sum it all up:  when the appellate-jurisdictional defects of a non-final order and an untimely notice of appeal present themselves in the same case at the same time, then a "finality first" approach is warranted, meaning the parties' appeal should be dismissed without prejudice rather than with prejudice.  Ushering appeals to Arkansas's appellate courts and having them decided on their merits should not resemble a Darwinian struggle.  The parties must, of course, follow the applicable rules and case law regarding jurisdiction.  But when courts erect an unnecessary barrier to providing a merits decision, they should acknowledge the fact and remove it.

Despite my disagreement with our supreme court's case law, I join my colleagues' decision to dismiss this appeal with prejudice.

*Depper Law Firm, Inc.*, by: *Robert L. Depper, Jr.*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD.*, by: *Lauren White Hoover*, for appellee.