**Andrew J. JOHNSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–273.

Supreme Court of Wyoming.

April 3, 1996.

Andrew Johnson, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mark T. Moran, Assistant Attorney General, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Andrew Johnson appeals from the district court's order which denied his petition for an order *nunc pro tunc*. Appellant sought to have vacated the portion of his earlier imposed judgment and sentence which required him to pay a $50 surcharge to the crime victims' compensation account.

We affirm.

## ISSUE

Appellant presents one issue for our review:

Did the trial judge err in denying appellant's petition for [an] order nunc pro tunc?

## FACTS

Appellant was convicted in 1989 of aggravated burglary and first-degree sexual assault. The jury also found that he was a habitual criminal. This Court affirmed Appellant's convictions in *Johnson v. State*, 806 P.2d 1282 (Wyo.1991).

On September 14, 1995, Appellant filed a petition in the district court for an order *nunc pro tunc*, claiming that the portion of his sentence which required him to pay a $50 surcharge to the crime victims' compensation account should be vacated. After the district court denied his petition, Appellant perfected his appeal to this Court.

## DISCUSSION

■ Appellant contends that the district court erred by denying his petition for an order *nunc pro tunc*. He is apparently claiming that, since he did not pay the surcharge within ten days of its imposition as WYO.STAT. § 1–40–119 (1988) (amended 1991 & 1993) mandated, the district court should have vacated that portion of his sentence.

When the district court imposed Appellant's sentence in 1989, § 1–40–119 provided in pertinent part:

(a) In addition to any fine or other penalty prescribed by law, a defendant who pleads guilty or nolo contendere to, or is convicted of, the following criminal offenses shall be assessed a surcharge of not less than fifty dollars ($50.00):

(i) Any crime enumerated in W.S. 6–1–101 through 6–10–203; ...

. . . .

(c) Under no circumstances shall a court fail to impose the surcharge required by subsection[ ] (a) ... of this section.

(d) The surcharge shall be paid within ten (10) days of imposition. Failure to comply is punishable as contempt of court. Contempt proceedings or other proceedings to collect the surcharge may be initiated by the prosecuting attorney or by the court on its own motion.

The plain language of this section directed that a surcharge would not be forgiven or vacated simply because a defendant did not pay it within the ten-day period. The statute specifically provided that the prosecuting attorney or the district court could initiate contempt or other collection proceedings when a defendant failed to pay the ordered surcharge. Section 1–40–119(d).

Appellant relies on *Frenzel v. State*, 849 P.2d 741 (Wyo.1993), *Hamburg, v. State*, 820 P.2d 523 (Wyo.1991), and *Seaton v. State*, 811 P.2d 276 (Wyo.1991), as being support for his argument that a surcharge order must be vacated when a defendant does not pay the surcharge within the ten-day period. In those cases, this Court held that the district courts could not extend the time for payment of the surcharge beyond the ten-day limit specified in the statute. *Frenzel*, 849 P.2d at 753; *Hamburg*, 820 P.2d at 531; *Seaton*, 811 P.2d at 281–82. The Court did not say, however, that an order which directs a defendant to pay the surcharge in accordance with the statute is unlawful simply because the defendant deliberately ignores the order and fails to pay within the ten days. Such an interpretation would be in direct conflict with the language of § 1–40–119(d) and would not serve the obvious legislative intent to encourage defendants to make their payments within the ten-day period.

■ We note that Appellant did not use the proper procedural mechanism to bring

this issue before the district court. A party may request an order *nunc pro tunc* when an order contains an inaccuracy. *Christensen v. State*, 854 P.2d 675, 682 (Wyo.1993); *see also Krow v. State*, 840 P.2d 261, 265 (Wyo.1992). The district court cannot change a judgment through an order *nunc pro tunc*. *Christensen*, 854 P.2d at 682. Since Appellant was not asserting that the initial judgment contained inaccuracies, his petition for an order *nunc pro tunc* was not appropriate.

## CONCLUSION

We hold that the district court properly denied Appellant's petition for an order *nunc pro tunc*.

Affirmed.