**Bobby J. COLLIER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 96–37.**

Supreme Court of Wyoming.

July 17, 1996.

Bobby J. Collier, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR* and LEHMAN, JJ.

* Chief Justice effective July 1, 1996.

MACY, Justice.

Appellant Bobby Collier appeals from the district court's order which denied his motion to correct an illegal sentence.

We affirm.

## ISSUES

Appellant presents two issues for our review:

ISSUE I

The District Court erred in [o]rdering Appellant to reimburse his Court Ordered Public Defender for his legal services without first determining Appellant's ability to pay as required by § 7–6–106.

ISSUE II

The District [Court] erred when it changed the Original Judgment and Sentence [p]ursuant to a Motion for Sentence Reduction and ... Motion For Post Conviction Relief, thereby legally eliminating the Court[']s Original Judgment and Sentence imposing restitution, Crime Victims Compensation Fund, and reimbursement costs of the Public Defender[']s legal services. Appellant's Constitutional rights are being violated under both State and Federal Law, in that he is still being compelled to comply with said orders that no longer are valid under the Original Judgment and Sentence.

## FACTS

On June 10, 1988, Appellant, who was on parole for a first-degree sexual assault conviction, was driving his truck on a street in Shoshoni when he saw an acquaintance (the victim) of his. Appellant stopped and offered to give the victim a ride, and she got into his truck. The victim was a nineteen-year-old female who was trying to locate her father. Appellant agreed to help the victim find her father, but, instead of doing so, he drove her to a secluded area east of town. He stopped the truck under the pretext of having to go to the bathroom. After exiting his truck, he walked around to the passenger door, opened it, and struck the victim in the face, breaking

her nose. He then pulled her out of the truck and sexually assaulted her.

Appellant was charged with first-degree sexual assault, and a public defender was appointed to represent him. Appellant initially pleaded not guilty but later withdrew his plea and pleaded guilty in exchange for the State's agreement to recommend that he be given a maximum sentence of thirty years rather than the potential life sentence. The district court sentenced Appellant to serve a prison term of not less than twenty years nor more than thirty years and ordered that the sentence was to run consecutively to any sentence which might be reimposed in the event that Appellant's parole on his prior first-degree sexual assault conviction was revoked. The district court also ordered Appellant to pay $338.65 in restitution to the victim, $50 to the crime victims' compensation account, and $250 for his public defender's services.

At a later hearing, the district court reduced Appellant's sentence for this crime so that his prison term would run concurrently with the prison term which was reimposed when his parole was revoked. Appellant subsequently filed a motion to correct an illegal sentence, claiming that his concurrent sentences were being incorrectly managed at the penitentiary. He alleged that his latest twenty- to thirty-year sentence should be deemed to have commenced at the same time as his prior sentence did and that the latest sentence should end upon the expiration of his prior sentence. The district court denied that motion.

Appellant also filed various other motions wherein he attacked the district court's order which required him to pay $250 for his public defender's services. The district court denied those motions as well. Appellant appeals to this Court.

## DISCUSSION

### A. Ability to Pay

Appellant claims that the district court erred in ordering him to pay $250 for his public defender's services without first determining his ability to pay. WYO. STAT. § 7–6–106(c) (1995) addresses orders which require

defendants to reimburse the State. That section provides in pertinent part:

(c) To the extent that a person receives the services set out in W.S. 7–6–104, and is able to provide some funds toward the costs associated with such services, the presiding court may order the person to reimburse the state for the cost of the services provided. In making such an order, the court shall consider the financial resources of the person and the expenses and services provided. . . .

Section 7–6–106(c).

We have examined this ability-to-pay issue on previous occasions. *King v. State*, 780 P.2d 943, 957–58 (Wyo.1989); *Juarez v. State*, 791 P.2d 287, 289 (Wyo.1990); *Seaton v. State*, 811 P.2d 276, 283–84 (Wyo.1991). In *King*, the district court ordered the appellant to repay $2,750 to the State for the public defender's services. 780 P.2d at 957. Although the district court inquired into the appellant's financial resources, it did so after it had ordered reimbursement when it was determining whether to certify the appellant's indigency for purposes of providing counsel on appeal. 780 P.2d at 957–58. We held that the district court erred in ordering reimbursement without first determining the appellant's ability to pay. 780 P.2d at 957.

We also addressed the issue in *Juarez*. In that case, the appellant filed an affidavit, requesting that the court appoint an attorney to represent him. 791 P.2d at 287. The affidavit revealed that the appellant was not employed, did not have any money, and did not own a vehicle or property and that neither the appellant's family nor his friends could contribute any money toward his defense. 791 P.2d at 287–88. The appellant listed debts which included $5,000 that he owed to his lawyer and an unknown amount that he owed for child support. 791 P.2d at 288. At his sentencing hearing, the public defender advised the trial court that the appellant worked in the construction industry and earned more per hour than the public defender was earning. *Id.* The transcript did not contain any other information, discussion, or findings with regard to the appellant's financial situation. *Id.* We concluded that the provisions of § 7–6–106(c) required

the trial court to make express findings about the factors contained in the statutory language and that the record failed to show that the trial court made findings with respect to the appellant's ability to pay for his public defender's services. 791 P.2d at 289.

In *Seaton*, the record revealed that the appellant was an unemployed, divorced female with a fifteen-year-old son. 811 P.2d at 280. According to the last entry of the record, which post dated the entry of her sentence, the appellant had lost her house and her car, and she had sold most of her furniture to get money to live on. *Id.* She did not have any real income, and she was trying to get public assistance for subsistence funds. *Id.* She had unpaid medical expenses as well as other bills and expenses. *Id.* We held that the district court improperly ordered reimbursement without first determining the appellant's ability to pay. 811 P.2d at 283–84.

In the case at bar, the district court specifically informed Appellant at his arraignment of the possibility that he might be required to reimburse the State for his public defender's services. With regard to that possibility, the district court inquired into Appellant's employment history and financial position. It determined that, prior to his arrest, Appellant was earning about $6 per hour and that Appellant owned a truck which was worth approximately $1,000. The district court advised Appellant that it might be necessary to sell the truck to pay for the public defender's services. At the sentencing hearing, the district court informed Appellant that, in deciding what the sentence should be, it had considered the presentence investigation report as well as all other matters of record before the court. It then ordered Appellant to pay $250 for his public defender's services.

■ Record evidence showed that, before imposing the reimbursement obligation, the district court inquired into and considered Appellant's financial circumstances, intending to possibly order such an obligation. While we have previously interpreted § 7–6–106(c) as requiring record evidence of a district court's evaluation or determination with respect to a defendant's ability to pay, we have never required that the district court enter a specific oral or written conclusion that such an ability existed. We, therefore, conclude that the district court determined Appellant's ability to reimburse the State $250 for his public defender's services before it ordered him to do so.

## B.  Other Arguments

Appellant argues that the district court's sentence reduction vacated those portions of the original sentence on which the district court was silent. Specifically, he claims that the limited sentence reduction effectively vacated his obligations to reimburse the State for his public defender's services, to pay restitution, and to pay a crime victims' compensation account surcharge. Appellant also interjects a variety of other assertions into his brief which are difficult to characterize with any precision.

■ Not only has Appellant failed to provide any cogent argument or pertinent authority in support of these arguments, but he also did not present any of these arguments to the district court, raising them for the first time in this appeal. We, therefore, will not consider these issues now. *Cotton v. Brow*, 903 P.2d 530, 532 (Wyo.1995); *Hiltz v. Robert W. Horn, P.C.*, 910 P.2d 566, 572 (Wyo. 1996).

### CONCLUSION

The district court did not err in the proceeding below.

Affirmed.