2010 WY 49

**ELK HORN RANCH, INC.,**
Appellant (Petitioner),

v.

**The BOARD OF COUNTY COMMISSIONERS OF CROOK COUNTY, Wyoming,**
Appellee (Respondent),

and

**Crago Ranch Trust, Appellee/Intervenor.**

No. S–09–0137.

Supreme Court of Wyoming.

April 22, 2010.

Representing Appellant: John M. Daly and Matthew R. Sorenson, Daly, Davidson & Sorenson, LLC, Gillette, Wyoming.

Representing Appellee: Joseph M. Baron, Crook County Attorney.

Representing Appellee/Intervenor: Mark L. Hughes, Hughes Law Office, Sundance, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Elk Horn Ranch, Inc., appeals the district court's *sua sponte* dismissal of its petition for review of a decision by the Crook County Board of Commissioners. Because the district court did not follow the procedures required when dismissing a case *sua sponte,* we will reverse and remand.

### ISSUE

[¶2] The single dispositive issue is whether the district court erred in dismissing the petition for review.

### FACTS

[¶3] In November of 2003, the Crago Ranch Trust filed an application with the Board of Commissioners of Crook County for a private road across property owned by Elk Horn Ranch. The Board established the road and awarded damages. Elk Horn Ranch appealed that decision to the district court, and then to this Court. We affirmed the decision establishing the road, but reversed the decision on damages. *Elk Horn Ranch, Inc. v. Board of County Comm'rs of Crook County,* 2007 WY 158, 168 P.3d 845 (Wyo.2007). In that opinion, we addressed the propriety of naming the Board as respondent:

> Under the circumstances of the instant case, we hold that the Board acted principally as an adjudicatory body and probably should not have filled the role it has thus far played in these proceedings in the district court and in this Court.... We do not consider this a circumstance that deprives this Court of its jurisdiction to resolve this appeal and so we proceed to respond to the issues raised by [Elk Horn Ranch], cautioning that both the district court and similarly situated parties need to be more attentive to the concerns we expressed above.

*Id.,* ¶¶ 9, 10, 168 P.3d at 850.

[¶4] After remand, the Board decided on a different calculation of damages. Elk Horn Ranch once again appealed to the district court, and once again named the Board as respondent. Of its own accord, the district court issued an order dismissing the petition for review, with this explanation:

> As the parties are aware, this is the second occasion upon which this matter has come before the district court. The previous case was appealed to the Wyoming Supreme Court.... There, the Court determined that the Board of Commissioners was not a proper party because the Board was not acting in the defense of its regulatory powers.... The Court further held that it was not deprived of jurisdiction to resolve the appeal, and did so. However, the Wyoming Supreme Court "caution[ed] that both the district court and similarly situated parties need to be more attentive to" this issue.

> In reviewing the Petition, this court finds that, once again, the Board of Commissioners was acting principally as an adjudicatory body in making its determination of the amount of damages that should be paid to Petitioner for the private road established across Elk Horn Ranch, Inc. property. Therefore, this court finds that the Board of Commissioners is not a proper party to the administrative review, and the Petition should be dismissed.

Elk Horn Ranch appeals the district court's decision.

### STANDARD OF REVIEW

[¶5] We review *de novo* a district court's decision to dismiss a case. *Jenkins v. Miller,* 2008 WY 45, ¶20, 180 P.3d 925, 932 (Wyo.2008).

### DISCUSSION

[¶6] There are procedures that must be followed when dismissing a case *sua sponte:*

> The leading federal decision on *sua sponte* dismissals under F.R.C.P. 12(b)(6) is *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir. 1983). The *Tingler* court reviewed the *sua sponte* dismissal of a claim on its merits, so federal jurisdiction was not in question. The court found four reasons why a *sua sponte* dismissal under F.R.C.P. 12(b)(6) is not favored. First, the action places the court in the role of a proponent rather

than an independent observer. Second, plaintiffs are prejudiced because, unlike when a motion to dismiss is filed by a defendant, the plaintiff is given no opportunity to amend the complaint or make legal arguments against dismissal. Pro se plaintiffs, unskilled in legal pleadings, are more likely to suffer acute prejudice. Third, dismissal without service of process and notice is unfair to defendants because the *sua sponte* action of the court deprives the defendants of the opportunity to participate in the litigation process and places them in the position of having to choose: whether to not participate in an appeal and risk an adverse decision; or, whether to participate in the appeal and make arguments based upon matters not in the factual record. Fourth, the *sua sponte* dismissal ultimately wastes judicial resources. The dismissal creates an opportunity for appeal based upon an incomplete record of pleadings and orders resulting in an inability to make a factual decision on the merits and limiting the appellate court to decisions on broad legal grounds. *Tingler*, 716 F.2d at 1111.

Using its supervisory power, the *Tingler* court outlined a five-step procedure for dismissal of complaints, *sua sponte*:

(1) allow service of the complaint upon the defendant; (2) notify all parties of [the court's] intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state [the court's] reasons for the dismissal.

*Id.* at 1112.

In an exercise of this court's supervisory powers, Wyo. Const. art. 5, § 2, we adopt the federal approach to *sua sponte* dismissals under Rule 12(b)(6) including the five-step process outlined in *Tingler*.

1. Pursuant to 28 U.S.C. § 1915(e)(2), the procedures set forth in *Tingler* may no longer be required in certain limited circumstances not

*Osborn v. Emporium Videos*, 848 P.2d 237, 241–42 (Wyo.1993) (footnotes omitted).[1] The reasoning and policy considerations set out in *Osborn* and *Tingler* also apply to administrative appeals. We take this opportunity to clarify that the five-step process outlined in *Tingler* and adopted in *Osborn* is also required for a *sua sponte* dismissal of an administrative appeal.

[¶ 7] The district court did not follow the five-step process. It did not notify the parties of its intent to dismiss, or give the parties a chance to respond. We therefore reverse the district court's decision and remand this case for proceedings consistent with this opinion.

present here. *See Presler v. Michigan Dep't of Corrections*, 129 F.3d 1265 (6th Cir.1997).