2011 WY 6

**Bruce B. WILLIAMS, Appellant (Plaintiff),**

v.

**CITY OF GILLETTE, Wyoming, Appellee (Defendant).**

No. S–10–0070.

Supreme Court of Wyoming.

Jan. 19, 2011.

---

Representing Appellant: Bruce B. Williams, pro se.

Representing Appellee: Kate M. Fox and Amanda K. Ferguson of Davis & Cannon, LLP, Cheyenne, WY.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Bruce B. Williams (Williams), appeals an Order Dismissing Case for Lack of Standing entered by the district court of Campbell County on March 18, 2010. Williams contends that the district court's conclusion that he lacked standing to commence suit against the City of Gillette (City) as well as its 22,221 eligible voting citizens for damaging his freedom of speech, is erroneous. We affirm the order of the district court.

## ISSUES

[¶ 2] Williams presents the following six issues on appeal:

I. Does not being a citizen of Gillette preclude standing to sue?

II. Is pleading intimidation after discussion with other people a speculative plea, precluding standing to sue?

III. Is [Williams] not party to the intimidation that he claims violated his rights, precluding standing to sue?

IV. Do [Williams'] allegations of intimidation not show an actual violation of a concrete and particularized legal interest, precluding standing to sue?

V. Are [Williams'] claims of intimidation conjectural or hypothetical, precluding standing to sue?

VI. Does the City of Gillette and its citizens not have an interest in the outcome of the city court proceedings, precluding standing to sue?

The City answers by succinctly raising the following two issues:

I. Did [Williams] have standing to bring the action?

II. Is [Williams'] claim barred by the Wyoming Governmental Claims Act and the doctrine of governmental immunity?

## FACTS

[¶ 3] In September of 2009, a Gillette police officer issued a "breach of the peace" ticket to nineteen-year-old Jonathon Wall after he reportedly "flipped off" the Gillette Chief of Police. The City prosecutor dismissed the ticket. Campbell County resident Bruce Williams learned of the incident through the newspaper and filed a *pro se* suit against the City of Gillette and each of its 22,221 citizens for damage to his freedom of speech. In the suit, Williams objects to the issuance of the ticket, its dismissal outside of open court, and the public's general "nonfeasance" regarding the matter. Williams served the summons on the City but did not serve the individual citizens of Gillette, and sought damages in the amount of $22.2 million, to-wit: $1,000.00 from each of the individual defendants.

[¶ 4]   The district court granted the City's motion to dismiss for lack of standing. The court based its decision on the following conclusions: 1) [Williams] is not a citizen of Gillette; 2) he pled only speculative harm; 3) he was not a party to the events that he claims violated his rights; 4) he did not show an actual violation of a concrete and particularized legal interest; 5) his claims are conjectural or hypothetical; 6) he does not have a personal interest in the outcome of the City court proceedings.

## DISCUSSION

### *Standard of Review*

[¶ 5]   We review a district court's decision to dismiss a case de novo. *Elk Horn Ranch, Inc. v. Bd. of County Comm'rs*, 2010 WY 49, ¶ 5, 229 P.3d 960, 961 (Wyo.2010).

### *Standing*

[¶ 6]   With respect to standing, we have held: "Standing is a legal concept designed to determine whether a party is sufficiently affected to insure that the court is presented with a justiciable controversy." *Boykin v. Parkhurst (In re Parkhurst)*, 2010 WY 155, ¶ 10, 243 P.3d 961, 965 (Wyo.2010) (quoting *Pedro/Aspen, Ltd. v. Bd. of County Comm'rs*, 2004 WY 84, ¶ 8, 94 P.3d 412, 415 (Wyo.2004)).

> The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasi-judicial determination. A litigant is said to have standing when he has a 'personal stake in the outcome of the controversy.' This personal stake requirement has been described in Wyoming as a 'tangible interest' at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy.

*Id.* See *In re Adoption of CF*, 2005 WY 118, ¶ 39, 120 P.3d 992, 1004–5 (Wyo.2005); *Jolley v. State Loan and Inv. Bd.*, 2002 WY 7, ¶ 6, 38 P.3d 1073, 1076 (Wyo.2002); *Roe v. Bd. of County Comm'rs*, 997 P.2d 1021, 1022–23 (Wyo.2000).

[¶ 7]   Upon our review of the record, we conclude that Williams does not have standing to bring this appeal. Williams was not a party to the events he claims violated his freedom of speech. He was not in the car when the original incident took place and was never cited with any ticket. In fact, Williams is only aware of the events surrounding this lawsuit after reading a newspaper article on the incident. The mere fact that he read a newspaper article does not vest him with the status of party.

[¶ 8]   Moreover, the speculative harm Williams complains of cannot be cured through judicial determination. We have previously held that an "interest which will sustain a right to appeal must generally be substantial, immediate, and pecuniary. A future, contingent, or merely speculative interest is ordinarily not sufficient." *Sinclair Oil Corp. v. Wyo. PSC*, 2003 WY 22, ¶ 11, 63 P.3d 887, 895 (Wyo.2003) (quoting *In re Various Water Rights in Lake De Smet Reservoir*, 623 P.2d 764, 769 (Wyo.1981)). Williams cannot demonstrate how his right to freedom of speech has been damaged in any way. In fact, Williams has expressed his disapproval of the incident through various opinion pieces he has authored in the Gillette newspaper. Because his alleged injury is speculative in nature, Williams lacks a sufficient interest to present this Court with a justiciable controversy.

## CONCLUSION

[¶ 9]   For these reasons, we affirm the district court's order dismissing Williams' complaint. We need not address any of the other issues suggested by Williams.