BURKE, Chief Justice.
[¶1] Appellant, Anthony Lee Heinemann, challenges the district court's entry of an order nunc pro tunc correcting two judgments entered against him in 1998. We affirm.
ISSUES
[¶2] Appellant presents five issues:
1. Did the Department of Corrections have standing to seek an order nunc pro tunc ?
2. Did the order nunc pro tunc violate Appellant's right to due process of law?
3. Is Wyo. Stat. Ann. § 7-6-108 a statute of repose, and the only mechanism other than Wyo. Stat. Ann. § 7-6-106 for reimbursement of public defender fees?
4. Did the State of Wyoming invite the error it now complains of?
5. Is the State barred by res judicata from pursuing this issue under the guise of an order nunc pro tunc ?
FACTS
[¶3] In 1998, Appellant received convictions following jury trials in two related cases. In the first case, Appellant was convicted of taking indecent liberties with a child, in violation of Wyo. Stat. Ann. § 14-3-105(a) (LexisNexis 1999), and furnishing alcohol to a minor, in violation of Wyo. Stat. Ann. § 12-6-101(a). In the second case, Appellant was convicted of sexual assault in the third degree, in violation of Wyo. Stat. Ann. § 6-2-304(a)(iii). Because Appellant had previously received a conviction in Colorado for attempted first-degree sexual assault, the district court imposed an enhanced sentence of *646 life imprisonment without parole in the latter case pursuant to Wyo. Stat. Ann. § 6-2-306(d).
[¶4] At the joint sentencing hearing, counsel for Appellant asked the court to find that Appellant was unable to pay his attorney's fees. The district court declined to do so. Instead, it stated that it "[would] include in the order a requirement that [attorney's fees] be paid, although whether there's any ability to pay at any [time] in the future will remain to be seen. There probably will not. Certainly there is no present ability to pay."
[¶5] The court's written judgments reflected the court's oral pronouncement that Appellant would be required to reimburse the State for his attorney's fees. In Docket 24-474, the court ordered that Appellant "shall repay the State of Wyoming, Public Defender's Office, for all expenses and services provided by his appointed attorney ... in the amount of six thousand two hundred sixty dollars ($6,260.00)." Similarly, in Docket 24-491, the court ordered that Appellant "shall repay the State of Wyoming, Public Defender's Office, for all expenses and services provided by his appointed attorney ... in the amount of two thousand six hundred thirty-five dollars ($2,635.00)." The Judgment and Sentence in each case included identical language, which required the attorney's fees to "be paid within said Defendant's probationary period, according to a plan to be prepared by the Department of Probation and Parole and submitted to the Court for approval[.]" However, Appellant received a life sentence without the possibility of parole, and he was not ordered to serve any "probationary period."
[¶6] Appellant filed a direct appeal from his convictions challenging the use of the Colorado conviction to enhance his sentence. We affirmed in Heinemann v. State , 12 P.3d 692 (Wyo. 2000). The present matter began in March 2017, when Appellant wrote a letter to the warden of the Wyoming Medium Correctional Institution ("WMCI"). Appellant complained his pay from janitorial work at the facility had been "docked for public defender fees since August of 2015." He asserted that the WMCI could not seize any money until he served a "probationary period."
[¶7] On April 17, 2017, the Wyoming Department of Corrections ("Department"), through the Attorney General, filed a motion for an order nunc pro tunc to correct Appellant's judgments by removing the references to a probationary period. The district court granted the motion. The court noted that, because Appellant is serving a sentence of life without the possibility of parole, the references to a probationary period were in error and also inconsistent with the court's oral pronouncement at the sentencing hearing. Accordingly, the court struck any reference to a "probationary period" from the judgments. The court determined that "The Department may collect restitution from Heinemann in a manner consistent with its policies." These consolidated appeals followed.
STANDARD OF REVIEW
[¶8] Whether the district court properly entered the order nunc pro tunc is a question of law that we review de novo . Weidt v. State , 2013 WY 143, ¶ 21, 312 P.3d 1035, 1040 (Wyo. 2013).
DISCUSSION
[¶9] In his first two issues, Appellant contends the Department did not have standing to seek correction of the judgment and sentencing orders, and that, because he did not receive notice of the Department's motion, the order was entered in violation of his right to due process of law. The viability of these claims, however, depends on Appellant's underlying assertion that the order nunc pro tunc effected a substantive change to the trial court's original judgment and sentencing orders. Indeed, Appellant contends the district court's order "was not a proper order nunc pro tunc ." He acknowledges that the district court may correct a judgment and sentence by an order nunc pro tunc to reflect the court's oral pronouncement at sentencing. According to Appellant, however, the order nunc pro tunc entered in this case was "directly at odds with the trial court's specific findings and the requirements of W.S. § 7-6-106(c)." We do not agree.
*647 [¶10] A nunc pro tunc order is used to correct an inaccuracy in an earlier order. Johnson v. State , 914 P.2d 810, 812 (Wyo. 1996) ; Christensen v. State , 854 P.2d 675, 682 (Wyo. 1993). A district court may not, however, use a nunc pro tunc order to make a substantive change in a judgment or order. See Johnson , 914 P.2d at 812 ; Eddy v. First Wyoming Bank, N.A.-Lander , 713 P.2d 228, 234 (Wyo. 1986). As we have noted, a nunc pro tunc order "serves to rectify omissions from the record so as to make it speak the truth." Martinez v. City of Cheyenne , 791 P.2d 949, 956 (Wyo. 1990), overruled on unrelated grounds by Beaulieu v. Florquist , 2004 WY 31, 86 P.3d 863 (Wyo. 2004).
[¶11] At Appellant's sentencing hearing, the district court unambiguously stated that it would "include in the [judgment and sentencing] order a requirement that [attorney's fees] be paid." The court proceeded to comment that "whether there's any ability to pay at any [time] in the future will remain to be seen. There probably will not. Certainly there is no present ability to pay." Notwithstanding these comments, however, it is clear from the court's pronouncement that it intended to require Appellant to pay his attorney's fees based on the possibility that he would be able to do so in the future. And, consistent with the court's oral pronouncement, the court's written orders unambiguously required Appellant to reimburse the State for his attorney's fees.
[¶12] In light of the foregoing, there is no question that the court intended for Appellant to reimburse the State for his attorney's fees. However, because Appellant received a life sentence without the possibility of parole, the references to payment of attorney's fees during a "probationary period" in the court's written orders were clearly in error. The district court's removal of those references constitutes a correction of an inaccuracy in the original order, and does not represent a substantive change of the judgment and sentence. The court properly corrected the error in the original judgments in the order nunc pro tunc . Accordingly, we find no merit in Appellant's claim that the nunc pro tunc order was "directly at odds with the trial court's specific findings." Having determined that the nunc pro tunc order constituted a proper clarification of the original judgments, we now turn to Appellant's specific claims.
I. Did the Department of Corrections have standing to seek an order nunc pro tunc ?
[¶13] In his first issue, Appellant contends the Department did not have standing to seek correction of the judgment and sentencing orders. Appellant notes that the Department was not a party in the criminal cases against him, and he asserts the Department is not affected in any way by whether he pays the public defender fees. Appellant claims that, as a result of these facts, the district court did not have jurisdiction to enter the nunc pro tunc order. We are not persuaded.
[¶14] With respect to standing, we have noted that "The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating." Williams v. City of Gillette , 2011 WY 6, ¶ 6, 245 P.3d 362, 364 (Wyo. 2011) (quoting Boykin v. Parkhurst (In re Parkhurst) , 2010 WY 155, ¶ 10, 243 P.3d 961, 965 (Wyo. 2010) ). The jurisdictional consequences of the standing requirement, however, have no effect on the present situation, where the inaccuracy in the judgment was subject to correction at any time, without involvement of the parties, under W.R.Cr.P. 36. That Rule provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."
[¶15] Additionally, we have held that judgments are subject to correction at any time under the inherent authority of the court. As we have previously noted:
A court also has inherent power to interpret its judgments and clarify ambiguous terms. 46 Am.Jur.2d Judgments § 73 (2015) states:
*648 Trial courts have the inherent authority to interpret and clarify their judgments. The mere interpretation of a judgment involves no challenge of its validity, or an attack on it, and a clarification of an ambiguous judgment is not a modification or amendment of the judgment. An order clarifying a judgment explains or refines rights already given, and it neither grants new rights nor extends old ones. Unlike a modification, amendment, or alteration to a judgment, which must be accomplished under the court rules or some other exception to preclusion, a clarification of a judgment can be accomplished at any time.
Ultra Resources, Inc. v. Hartman , 2015 WY 40, ¶ 11, 346 P.3d 880, 887 (Wyo. 2015). Because the court could correct the inaccuracy in the original judgments at any time pursuant to both W.R.Cr.P. 36 and its inherent authority, the issue of whether the Department had standing to seek clarification has no bearing on the court's ability to enter an order nunc pro tunc .[1] The district court had jurisdiction to enter the order nunc pro tunc irrespective of whether the Department had standing to challenge the erroneous judgments.
II. Did the order nunc pro tunc violate Appellant's right to due process of law?
[¶16] In his second issue, Appellant contends his right to due process was violated because he did not receive notice of the Department's motion for entry of an order nunc pro tunc . Pursuant to W.R.Cr.P. 36, however, the district court may exercise its discretion in providing notice of correction of a clerical error. As noted above, that Rule provides that a clerical mistake in a judgment may be corrected at any time and "after such notice, if any, as the court orders." As we have explained with respect to W.R.C.P. 60, which provides, in nearly identical terms, for correction of clerical mistakes in the civil context, the district court may correct such errors without providing an opportunity to be heard:
As is clear from the plain language of the rule, if the district court was truly just correcting a clerical error, it could do so at any time and no notice or hearing was required. In other words, provided the district court's action involves only correction of a clerical mistake, no due process violation occurs when that correction is made without giving the parties the opportunity to be heard.
Dunmire v. Powell Family of Yakima, LLC , 2008 WY 39, ¶ 16, 181 P.3d 920, 925 (Wyo. 2008). In light of the plain language of W.R.Cr.P. 36, we find no due process violation in the court's entry of the order nunc pro tunc .
[¶17] Appellant also contends the district court failed to comply with Wyo. Stat. Ann. § 7-6-106(c) when the original sentences were imposed. According to Appellant, the court violated the statute because it ordered reimbursement of attorney's fees after finding that Appellant had no present ability to pay the fees.[2] Appellant, however, did not *649 raise this issue in the district court at the time of his sentencing, or in the direct appeal of his convictions. As a result, we will not consider it. Collier v. State , 920 P.2d 265, 267 (Wyo. 1996).
III. Is Wyo. Stat. Ann. § 7-6-108 a statute of repose, and the only mechanism other than Wyo. Stat. Ann. § 7-6-106 for reimbursement of public defender fees?
[¶18] In his third issue, Appellant contends the Department was required to make a claim for reimbursement of attorney's fees pursuant to Wyo. Stat. Ann. § 7-6-108.[3] According to Appellant, "Absent a valid order [ ] from the district court (which did not exist) the only other mechanism for payment was a suit under W.S. § 7-6-108." Appellant's claim that the Department was required to seek reimbursement under Wyo. Stat. Ann. § 7-6-108 depends on his assertion that there was no valid order upon which to collect payment from Appellant. However, he provides no support for the claim that the original judgment and sentencing orders were not valid orders. Further, as we have discussed, the district court properly corrected the clerical error in the original judgments in the order nunc pro tunc. Consequently, we find no merit in Appellant's claim that the Department was required to seek reimbursement pursuant to Wyo. Stat. Ann. § 7-6-108.
IV. Remaining issues.
[¶19] In Appellant's remaining issues, he contends (1) the Department could not seek correction of the original judgments because the judgments were drafted by the State, and (2) the Department could not seek correction of the original judgments under the doctrine of res judicata . However, he provides no cogent argument or pertinent authority supporting either of these claims. Consequently, we will not consider them.
[¶20] Affirmed.

We note that courts in other jurisdictions have reached similar conclusions. See, e.g., Pratt v. Pratt , 99 Wash.2d 905, 665 P.2d 400, 402-03 (1983) ; Van Pelt v. Van Pelt , 172 A.D.2d 659, 568 N.Y.S.2d 160, 161 (1991).

Wyo. Stat. Ann. § 7-6-106(c) provides, in pertinent part:
In every case in which a person has received services under W.S. 7-6-104, the presiding judge shall determine whether the person or, in the case of an unemancipated minor, his custodial parent or any other person who has a legal obligation of support, is able to provide any funds towards payment of part or all of the cost associated with such services. If the person or, in the case of an unemancipated minor, his custodial parent or any other person who has a legal obligation of support, is not able to provide any funds towards payment of costs, the court shall enter a specific finding on the record. If the court determines the person or, in the case of an unemancipated minor, his custodial parent or any other person who has a legal obligation of support, is able to provide any amount as reimbursement, the court shall order the person or, in the case of an unemancipated minor, his custodial parent or any other person who has a legal obligation of support, to reimburse the state for all or part of the costs of the services provided or shall state on the record the reasons why an order for reimbursement was not entered. ...
In Nixon v. State , we noted that "With respect to the required payment for court-appointed counsel, Wyo. Stat. Ann. § 7-6-106(c) (Michie 1997) does not require a sentencing court to make a specific oral or written conclusion that the defendant has the ability to pay." Nixon v. State , 4 P.3d 864, 872 (Wyo. 2000) (citing Collier v. State , 920 P.2d 265, 267 (Wyo. 1996) ). We held that "there is no requirement that there be a current ability to pay, a future ability will suffice to impose this obligation." Id. , 4 P.3d at 872. In the present case, the district court's oral pronouncement of Appellant's judgments indicates that it ordered Appellant to reimburse his attorney's fees based on his future ability to repay the fees, a potential that became manifest when he began working at the WMCI. A finding that Appellant had the present ability to pay was not required to impose an obligation of reimbursement.

The statute provides, in pertinent part, as follows:
(a) Within six (6) years after the date the services were rendered, the attorney general may sue on behalf of the state to recover payment or reimbursement from each person who has received legal assistance or other benefits under this act or, in the case of an unemancipated minor, from his custodial parent or any other person who has a legal obligation of support.