FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY LEE HEINEMANN,

    Petitioner - Appellant,

v.

WARDEN EDDIE WILSON,

    Respondent - Appellee.

No. 19-8039
(D.C. No. 2:19-CV-00044-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Wyoming state prisoner Anthony Heinemann requests a Certificate of

Appealability ("COA") to challenge the district court's dismissal of his application for

habeas relief under 28 U.S.C. § 2241. He also seeks leave to proceed *in forma pauperis*

("*ifp*"). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA,

deny *ifp* status, and dismiss this matter.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order denying a certificate of appealability is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I. BACKGROUND

### A. *State Court Proceedings*

In 1998, Mr. Heinemann was convicted in two related trials in Wyoming state court of (1) taking indecent liberties with a child, (2) furnishing alcohol to a minor, and (3) sexual assault in the third degree. *Heinemann v. State*, 413 P.3d 644, 645 (Wyo. 2018). At a joint sentencing hearing, he was sentenced to life in prison without parole. *Id.* at 645-46. The court also ordered Mr. Heinemann to pay $6,260 for the cost of his public defender in one case and $2,635 in the other. *Id.* at 646. According to the judgments in both cases, the amounts were to "be paid within [Mr. Heinemann's] probationary period." *Id.* (quotations omitted).

The state prison reduced Mr. Heinemann's pay from a prison job to offset his payment obligations. *See id.* After Mr. Heinemann objected that he was obligated to pay only during his "probationary period," the state moved for a nunc pro tunc order to correct his sentence by removing the reference to a probationary period.[1] *Id.* The state trial court granted the motion. *Id.* The Wyoming Supreme Court affirmed. *Id.* at 649.

### B. *Federal Habeas Proceedings*

Mr. Heinemann applied for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Wyoming. *See* Record on Appeal ("ROA") at 1.

---

[1] "A nunc pro tunc order is used to correct an inaccuracy in an earlier order." *Heinemann*, 413 P.3d at 647.

He argued: (1) the state lacked jurisdiction to dock his pay, (2) the state trial court erred in concluding the nunc pro tunc order corrected a clerical error in his sentence, (3) the Wyoming Supreme Court erred in affirming the state trial court, and (4) the state provided him with counsel for all proceedings related to his convictions.[2] His application did not mention due process rights.

The district court dismissed the application on procedural grounds, holding that (1) Mr. Heinemann's "challenge attacks the validity of the sentence, not the execution of the sentence," so it could not be brought under § 2241, and (2) "monetary obligations, without more, are not enough to satisfy § 2241's custody requirement." *Id.* at 15.

Mr. Heinemann timely appealed pro se.[3] We remanded so the district court could address whether to issue a COA. The district court denied a COA and denied Mr. Heinemann's motion to proceed *ifp*.

In his brief to this court, Mr. Heinemann argues that (1) Wyoming Statutes § 7-16-206(a)(v) and § 7-6-108 do not provide for the deductions from his pay, and (2) the Wyoming Supreme Court erred in construing Wyoming case law to conclude that the nunc pro tunc order corrected a clerical error. He concludes by stating, "The handling of the 'Public Defenders Fees' by the Wyoming courts deprived [him] of due process of law." Aplt. Br. at 6.

---

[2] The application does not indicate why this point might warrant habeas relief.

[3] Because Mr. Heinemann proceeds pro se, we construe his filings liberally but do not serve as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## II. DISCUSSION

We deny a COA for lack of jurisdiction or because Mr. Heinemann failed to allege a claim on which relief may be granted.

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition . . . filed pursuant to . . . § 2241 . . . ." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). "[W]hen the district court denies a habeas petition on procedural grounds . . . a COA should issue . . . if the prisoner shows, at least, that [1] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). A court of appeals may deny a COA on any ground supported by the record even if it was not relied on by the district court. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

"Under 28 U.S.C. § 2241, a writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody *in violation of the Constitution or laws or treaties of the United States*." *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (quotations omitted) (emphasis added). "A federal court may not issue the writ on the basis of a perceived error of state law." *Id.*; *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) ("Federal habeas relief is not available to correct state law errors.").

Although "[a] prisoner may seek relief . . . if a state law decision is so fundamentally unfair that it implicates federal due process[,] . . . [a] habeas applicant

cannot transform a state law claim into a federal one merely by attaching a due process label." *Leatherwood*, 861 F.3d at 1043. "Rather, the habeas applicant should include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle him to relief." *Id.* (quotations and alterations omitted). Accordingly, we have held that a prisoner's assertion that a state court's refusal to modify a sentence under a state statute violated due process rights failed to "draw enough of a connection between the right to due process and the sentencing court's alleged errors to render his claim cognizable on habeas review." *Shelman v. Whitten*, --- F. App'x ---, 2019 WL 2120772, at *2 (10th Cir. 2019) (alterations omitted).[4]

So too here. Indeed, Mr. Heinemann's § 2241 application in district court asserted errors in the Wyoming courts' application of Wyoming law and did not even allege violation of a federal right. Aplt. Br. at 6. For the first time in his appellate brief, he makes a cursory, concluding reference to "due process of law." *Id.*[5] His brief otherwise discusses only Wyoming law. *See id.* at 4-6.[6] Mr. Heinemann cannot "transform a state law claim into a federal one merely by attaching a due process label." *Leatherwood*, 861

---

[4] We cite this unpublished case only for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[5] We do not consider whether Mr. Heinemann forfeited this argument in district court because we dismiss this matter for lack of jurisdiction or failure to state a claim.

[6] Mr. Heinemann's brief cites one federal case, *Ontiveros v. Pacheco*, 760 F. App'x 601 (10th Cir. 2019) (unpublished), to support his statement of the standard for granting a COA. *See* Aplt. Br. at 6.

F.3d at 1043. "Because federal courts may not provide habeas relief to petitioners who raise claims grounded in state law, this claim fails for either lack of federal jurisdiction or for failure to state a valid claim." *Shelman*, 2019 WL 2120772, at *2. For this reason, we need not consider the district court's grounds for dismissing Mr. Heinemann's application. *See Davis*, 425 F.3d at 834.

## III. CONCLUSION

We deny Mr. Heinemann's request for a COA and dismiss this matter. We also deny Mr. Heinemann's motion to proceed *ifp*.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge