# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 79

APRIL TERM, A.D. 2021

June 29, 2021

RYAN ALEXANDER BROWN,

Appellant
(Defendant),

v.

S-20-0281

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*
Ryan Alexander Brown, Pro Se.

*Representing Appellee:*
Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Senior Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]   Ryan Alexander Brown, appearing pro se, challenges the district court's denial of his motion to correct an illegal sentence and issuance of a nunc pro tunc judgment conforming his written sentence to the court's oral pronouncement at his sentencing hearing.  Mr. Brown also asserts he was entitled to a sentencing hearing before the court could issue the nunc pro tunc judgment.  We conclude the district court properly corrected Mr. Brown's written sentence without a hearing, and the sentence complies with Wyoming law.  We therefore affirm.

## ISSUE

[¶2]

> Did the district court err when it issued a nunc pro tunc judgment conforming the written sentence to the oral sentence without holding a hearing, and determined the corrected written sentence was proper under Wyoming law?

## FACTS

[¶3]   Mr. Brown was convicted of conspiracy to commit first degree murder in 2015.  We detailed the facts of the case in *Brown v. State*, 2016 WY 107, 383 P.3d 631 (Wyo. 2016), and need not do so here.

[¶4]   The district court sentenced Mr. Brown to life in prison under Wyo. Stat. Ann. §§ 6-1-303(a) and 6-2-101(b).[1]  At the sentencing hearing, the court stated:

> So for the record, the [c]ourt will enter sentence as follows: The [c]ourt will order a term of incarceration with the Department of Corrections for **a term of natural life, according to law.**  And so there is no misunderstanding, that is life with the possibility of parole at some point in the future.

[¶5]   The court's written judgment and sentence provided:

> [T]he Defendant, RYAN ALEXANDER BROWN, shall be committed to the custody of the Department of Corrections and is sentenced to serve a term of incarceration in the Wyoming State Penitentiary, or an alternative correctional facility to be determined at the discretion of the Department of Corrections,

---

[1] The penalty for conspiracy to commit first degree murder is the same as the penalty for first degree murder. *See* Wyo. Stat. Ann. § 6-1-304 (LexisNexis 2019).

of **the length of his natural life, with the possibility of parole.**

(Emphasis added.)

[¶6]    In November 2020, Mr. Brown filed a motion to correct an illegal sentence claiming his written judgment and sentence for "the length of his natural life, with the possibility of parole" was illegal under *Hartley v. State*, 2020 WY 40, 460 P.3d 716 (Wyo. 2020).  The district court denied his motion without a hearing, finding that Mr. Brown's orally pronounced sentence—"a term of natural life, according to law"—was legal and prevailed over the written sentence.  The district court then issued a nunc pro tunc judgment correcting the written sentence to conform it to the oral pronouncement.  As corrected, Mr. Brown's written sentence reads:

> [T]he Defendant . . . is sentenced to serve a term of incarceration in the Wyoming State Penitentiary, or an alternative correctional facility to be determined at the discretion of the Department of Corrections, of the **length of his natural life, according to law.**

[¶7]    Mr. Brown appealed both the order denying his motion to correct an illegal sentence and the nunc pro tunc judgment.  He argues the district court improperly used a nunc pro tunc judgment to change rather than correct his written sentence; because the court changed his sentence he had a right to have and be present at a sentencing hearing; and his sentence, even as corrected in the nunc pro tunc judgment, is illegal under Wyo. Stat. Ann. § 6-2-101(b).

## STANDARD OF REVIEW

[¶8]    Whether the district court properly entered the nunc pro tunc judgment, and whether Mr. Brown's sentence is illegal are questions of law we review de novo.  *See Heinemann v. State*, 2018 WY 31, ¶ 8, 413 P.3d 644, 646 (Wyo. 2018); *Newnham v. State*, 2021 WY 54, ¶ 3, 484 P.3d 1275, 1276 (Wyo. 2021).

## DISCUSSION

[¶9]    "An illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates the constitution or the law." *Wanberg v. State*, 2020 WY 75, ¶ 28, 466 P.3d 269, 275 (Wyo. 2020) (citing *Palomo v. State*, 2018 WY 42, ¶ 24, 415 P.3d 700, 705–06 (Wyo. 2018)).  If a discrepancy exists between the district court's oral pronouncement and its written order, "the oral pronouncement prevails." *Id.* (quoting *Palomo*, ¶ 26, 415 P.3d at 706).  A written sentence

that is inconsistent with the oral pronouncement is not necessarily illegal, but its inaccuracy must be corrected. *Id.* (citing *Palomo*, ¶ 27, 415 P.3d at 706).

[¶10]  W.R.Cr.P. 36 permits the court to correct an inaccuracy in a written judgment at any time, with or without notice to the parties. *See Heinemann*, ¶¶ 14–16, 413 P.3d at 647–48; W.R.Cr.P. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."). A nunc pro tunc order is one way to correct an inaccuracy. *Heinemann*, ¶ 10, 413 P.3d at 647 (citing *Johnson v. State*, 914 P.2d 810, 812 (Wyo. 1996)). But the court cannot use a nunc pro tunc order to substantively change a judgment or order. *Id.* (citing *Johnson*, 914 P.2d at 812); *see Eddy v. First Wyoming Bank, N.A.-Lander*, 713 P.2d 228, 234 (Wyo. 1986). Rather, "a nunc pro tunc order 'serves to rectify omissions from the record so as to make it speak the truth.'" *Heinemann*, ¶ 10, 413 P.3d at 647 (quoting *Martinez v. City of Cheyenne*, 791 P.2d 949, 956 (Wyo. 1990)).

[¶11]  Mr. Brown claims the district court improperly used the nunc pro tunc judgment to change, rather than correct, his sentence. We disagree. The district court's oral pronouncement of Mr. Brown's sentence—a "term of natural life, according to law"—prevailed over his written sentence from the outset, and the nunc pro tunc judgment simply conformed Mr. Brown's written sentence to the court's oral pronouncement. Mr. Brown's sentence was and remains "life imprisonment according to law." The nunc pro tunc judgment was proper.

[¶12]  There being no change in his sentence, Mr. Brown had no constitutional right to a sentencing hearing. *See Heinemann*, ¶ 16, 413 P.3d at 648 ("[P]rovided the district court's action involves only correction of a clerical mistake, no due process violation occurs when the correction is made without giving the parties the opportunity to be heard." (citation omitted)); W.R.Cr.P. 36 (the court may correct an inaccuracy in its earlier ruling "at any time and after such notice, if any, as the court orders"). Thus, the district court did not err when it denied Mr. Brown's motion to correct an illegal sentence and instead issued the nunc pro tunc judgment to correct the inaccuracy in his written sentence without notice or a hearing.

[¶13]  Lastly, in his motion to correct an illegal sentence, Mr. Brown argued the terms "natural life" and "the possibility of parole" made his written sentence illegal under *Hartley v. State*, 460 P.3d 716 (Wyo. 2020). In *Hartley* we determined a sentence of life in prison "with the opportunity for parole" was illegal for a first-degree felony murder conviction. *Id.* ¶ 17, 460 P.3d at 721. Wyo. Stat. Ann. § 6-2-101(b) provides that a person convicted of first-degree murder "shall be punished by death, life imprisonment without parole or life imprisonment according to law[.]" Wyo. Stat. Ann. § 6-2-101(b). We concluded that because "the State did not seek the death penalty, Mr. Hartley could be sentenced to either 'life imprisonment without parole or life imprisonment according to law.'" *Hartley*, ¶ 17,

3

460 P.3d at 721. Life in prison "with the opportunity for parole" was not an option. *See id.*

[¶14] Mr. Brown's written sentence, as originally worded, arguably ran afoul of *Hartley* in that it referred to "the possibility of parole." But the oral pronouncement of his sentence did not, and the written sentence has now been lawfully corrected.

[¶15] Mr. Brown contends his sentence nevertheless is illegal because Wyo. Stat. Ann. § 6-2-101(b) does not provide for a term of the "length of his natural life." This argument takes our holding in *Hartley* to an unsupportable extreme. In *Hartley*, we did not hold that the inclusion of any word or phrase that deviates from the statute renders a sentence illegal. *See id. Hartley* rather addressed the specific, substantive problem of imposing a life sentence with the opportunity for parole, which Wyo. Stat. Ann. § 6-2-101(b) does not authorize. *See id.* In other words, the sentencing issue in *Hartley* was substantive, not semantic. Though reference to Mr. Brown's "natural life" may be superfluous, it is not erroneous, and it does not substantively alter the legality of his sentence of "life imprisonment according to law" under Wyo. Stat. Ann. § 6-2-101(b).[2]

[¶16] Affirmed.

---

[2] "Natural life" means "[a] person's physical life span." *Natural Life*, Black's Law Dictionary (11th ed. 2019).

4